ROPER, APPELLANT, *v.* BOARD OF ZONING APPEALS, TOWNSHIP OF RICHFIELD, SUMMIT COUNTY, ET AL., APPELLEES.*

(No. 5080—Decided April 26, 1961.)

*Mr. Jerome A. Klein,* for appellant.

*Mr. John S. Ballard,* prosecuting attorney, and *Mr. John D. Smith,* for appellee Board of Zoning Appeals.

*Mr. Howard Heilman,* for appellee Steven Nagy, Jr.

*Judgment affirmed, 173 Ohio St., 168.

DOYLE, J. Peter Roper, appellant, appeals to this court from a judgment of the Court of Common Pleas of Summit County, which dismissed his attempted appeal from a final order of the Board of Zoning Appeals of Richfield Township, Ohio.

It appears in the record that, pursuant to vote, the people of Richfield Township rejected an amendment to a zoning resolution to change a parcel of land from an ''R-1'' residence use to a ''C-1'' commercial use. Thereafter, Steven Nagy, Jr., applied to the Richfield Township Zoning Inspector for a zoning certificate granting a variance from the terms of the zoning resolution for fifty acres of land owned by him which were a part of the acreage theretofore voted upon. The inspector refused the request in the application, whereupon Nagy appealed to the Richfield Township Board of Zoning Appeals.

A public hearing on the appeal to the Board of Zoning Appeals, in compliance with Section 519.15, Revised Code, was held on June 30, 1960. Peter Roper, an owner of property in, and a resident of, the township, appeared with his counsel in response to the statutory public notice. The scanty record of the public hearing shows that Roper, his attorney, and many other persons, participated in a spirited meeting, and from this record there can be no doubt of the position taken by Roper and his attorney, Klein. While the record shows ''At this point [in the meeting] there was a free-for-all discussion on the floor, none of the speakers having been recognized by the chair, comments * * * [are] not included in these minutes,'' nevertheless, the record is specific in showing:

''Following were more remarks from the floor, some of which were quite derogatory and made without recognition from the chair. During this period Mr. Roper said if the appeal was granted he would pursue the issue further and the board had better get an attorney who was on their side.''

At the conclusion of the hearing, the board, by a three-to-two vote, granted the appeal of Steven Nagy, Jr., on his application for variance.

On July 9, 1960, the following notice of appeal was filed by Peter Roper in the Court of Common Pleas, and service made upon the officers of the Board of Zoning Appeals:

''Appellant, Peter Roper, a party adversely affected by the following decision of the township Board of Zoning Appeals for

the township of Richfield, Summit County, Ohio, hereby gives notice of his appeal from said decision to the Court of Common Pleas of Summit County, Ohio:

" 'We (Board of Zoning Appeals, Township of Richfield, Summit County, Ohio) permit the granting of a variance to Mr. Steve Nagy, Jr., permitting the use of Lot No. 14 as described in the appeal, for a petroleum distribution center, by applicant, appellant or his successors in title to afore-described lands. Above permission to be granted pursuant to Article XIII, Sec. A-4b, of the Richfield Township Zoning Resolutions, to alleviate an unnecessary hardship (land was because of location and condition not suitable for residential development), Lot 14 has no access to any street or roads except as can be negotiated by Steven Nagy, Jr., with owners of adjacent property. Property as herein stated is presently zoned R-1 Residential, but due to changing character of the properties on the north, and on the west, and change in drainage caused by construction of this turnpike, all of which factors contribute to an unnecessary hardship on the property owners.'

"The above decision was rendered by the board of appeals on the 30th day of June 1960 in the appeal of Steven Nagy, Jr., a. k. a. Steve Nagy, Jr., to said Board of Zoning Appeals, wherein the said Board of Zoning Appeals granted Steven Nagy, Jr.'s, request for a variance. The within appeal is taken to the Summit County Common Pleas Court from the decision of the Richfield Township Board of Zoning Appeals, granting Steven Nagy, Jr.'s, request for a variance on June 30, 1960.

"Said appeal is on question of law and fact.

" [signature]   Jerome A. Klein,

Attorney for Appellant."

Upon the filing of the notice of appeal to the Court of Common Pleas by Peter Roper, Steven Nagy, Jr., upon his application, "was granted leave to intervene as a party." He had, in his application, objected to "the status of Peter Roper as a proper party to this proceeding."

Nagy, the intervening party, then moved the court to strike the notice of appeal from the files on the ground that Peter Roper was not a party to the proceedings before the Board of Zoning Appeals. Upon hearing, the court found the motion well taken and entered its judgment of dismissal.

In Peter Roper's appeal to this court from the judgment of the Court of Common Pleas dismissing the appeal, he claims error in the following respects:

"1. The trial court erred in holding that as a matter of law only the appellant in a proceedings before a township Board of Zoning Appeals can appeal said decision to the Common Pleas Court under Sections 2506.01 to 2506.04, inclusive, of the Revised Code of Ohio.

"2. The trial court erred in sustaining Steven Nagy's motion to dismiss, said motion should have been overruled."

Prior to October 1, 1957, the latter part of Section 519.15, Revised Code, read as follows:

"Appeals to the board [of zoning appeals] may be taken by any person aggrieved or by any officer of the township affected by any decision of the administrative officer. Such appeal shall be taken within twenty days after the decision by filing, with the officer from whom the appeal is taken and with the board, a notice of appeal specifying the grounds. The officer from whom the appeal is taken shall forthwith transmit to the board all the papers constituting the record upon which the action appealed from was taken.

"The board shall fix a reasonable time for the hearing of the appeal, give ten days' notice to the parties in interest, and decide the appeal within a reasonable time after it is submitted. Upon the hearing, any party may appear in person or by attorney. Any person adversely affected by a decision of a board may appeal to the Court of Common Pleas of the county in which such township is located, on the ground that the decision was unreasonable or unlawful. The court may affirm, reverse, vacate, or modify the decision complained of in the appeal."

It will be noted that in the above statute the right was given to "*Any person adversely affected by a decision of a board*" to appeal to the Court of Common Pleas, and it would appear that the person appealing is not required to be an original party of record in the proceedings of appeal from the administrative officer to the Board of Zoning Appeals. (Emphasis ours.)

Effective September 17, 1957 (in 127 Ohio Laws, 363, 374), the last paragraph of this statute (Section 519.15, Revised Code) was amended to read:

"The board of zoning appeals shall fix a reasonable time for the public hearing of the appeal, give at least ten days' notice in writing to the parties in interest, give notice of such public hearing by one publication in one or more newspapers of general circulation in the county at least ten days before the date of such hearing and decide the appeal within a reasonable time after it is submitted. *Upon the hearing, any person may appear in person or by attorney.*" (Emphasis ours.)

In this amendment it is obvious that the provision for appeal to the Court of Common Pleas was deleted, and it probably was taken from the section because on September 16, 1957 (see 127 Ohio Laws, 963), the day before its effective date, Section 2506.01, Revised Code, went into effect. This section bears the title "Appeal from decisions of any agency of any political subdivision," and appears in the following language:

"Every final order, adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, department or other division of any political subdivision of the state may be reviewed by the Common Pleas Court of the county in which the principal office of the political subdivision is located, as provided in Sections 2505.01 to 2505.45, inclusive, of the Revised Code, and as such procedure is modified by Sections 2506.01 to 2506.04, inclusive, of the Revised Code.

"The appeal provided in Sections 2506.01 to 2506.04, inclusive, of the Revised Code is in addition to any other remedy of appeal provided by law.

"A 'final order, adjudication, or decision' does not include any order from which an appeal is granted by rule, ordinance, or statute to a higher administrative authority and a right to a hearing on such appeal is provided; any order which does not constitute a determination of the rights, duties, privileges, benefits, or legal relationships of a specified person; nor any order issued preliminary to or as a result of a criminal proceeding."

It now appears that, although the appeal provision of former Section 519.15, Revised Code, was deleted by the amendment, nevertheless, there remained in the amended section the right of any person to appear in person or by his attorney at the public meeting, held pursuant to newspaper publication; and it would seem that the Legislature intended that his ap-

pearance should be tantamount to his appearance as a party to the proceeding. Otherwise no one except the appellant to the Board of Zoning Appeals could have any official standing at the public hearing, even though the statutory newspaper notice called upon all property owners in the township to appear and speak in their respective interests.

If we had before us a question involving procedure in the common law courts of this state, we would of course say that, without pleadings or process, one does not become a party litigant. The Board of Zoning Appeals of Richfield Township is, however, an administrative tribunal, dealing with practical problems in an informal way. The law does not, nor should not, require the particularity of pleadings or summonses as is required in courts of law; and the essential requirement is that the subject matter of the controversy be described with reasonable certainty, and that all persons who may be damaged by the action of the board be given the right to become actual participants in the proceedings and to protect their rights as parties. This is what we think the Legislature meant when it provided for newspaper notice, calling upon the property owners to "appear in person or by attorney," if they so desired.

We now proceed to the statute providing for appeal to the Common Pleas Court, Section 2506.01, Revised Code, *supra*.

There is no doubt that, under this statute, Steven Nagy, Jr., the applicant to the inspector, and the appellant to the Board of Zoning Appeals, could have appealed to the Common Pleas Court if the appellant board had not ruled in his favor. It is his claim here, as "intervening" appellee, that no such right is given to anyone else, because he and the Board of Zoning Appeals were the only parties.

The appeal statute, set out above, does not permit an appeal to the Court of Common Pleas from an order of the Board of Zoning Appeals "which does not constitute a determination of the rights, duties, privileges, benefits, or legal relationships of a specified person."

In applying this statute to the informal proceedings of the board, we are of the opinion that the conduct of Peter Roper, as shown by the transcript of the record, was tantamount to making him a party, and that the order of the board affected and determined his various rights as a property

owner; that he came within the class of "specified" persons is shown by the record when he vociferously objected to a variance of the existing zoning laws. The board granted attorney Klein's request to speak for his client, Roper; he engaged in debate with the attorney for Nagy, who sought a variance, and finally advised the board that, if a variance were allowed, he would appeal the order on behalf of his client. What more need he do to be made a party to protect his interests?

In this connection we again comment on the unorthodox procedure set out in the statutes (unorthodox in the sense that it does not conform to standardized or formulated procedure of the courts). Upon the appeal, the Court of Common Pleas is empowered to "affirm, reverse, vacate, or modify" a decision of the board, and may make its decision upon additional evidence if a complete transcript of the proceedings before the board is not available, or if the board has failed to file "conclusions of fact supporting the order * * * appealed from"; in addition, any party may, under certain circumstances, call, for cross-examination in the Common Pleas Court, any witness who gave testimony against him before the Board of Zoning Appeals.

From these facts, it appears that the Legislature has created a procedure entirely new and different from procedure in the law courts and not derived from any standard legal source. Under most circumstances a litigant can only cross-examine an adverse party; a court does not affirm, reverse, vacate or modify "an order from which an appeal is taken pursuant to receiving additional evidence." See: *Fleischmann v. Medina Supply Co.*, 111 Ohio App., 449. It appears that, to attempt to assimilate the relationship of administrative bodies and the courts to the relationship between lower and upper courts, is to disregard the origin and purpose of the movement for administrative regulation, and, at the same time, to disregard the traditional scope of the judicial process.

As stated before, we have an incomplete transcript of the proceedings, and it may be that Roper asked for, and was given, the right to appear as a party. We are of the opinion, however, and so conclude, that, from the record before us, the trial court erred in dismissing the appeal, and it is our purpose

to reverse the judgment and to certify the record in the case to the Supreme Court of Ohio as a conflict case. The case of *Howard Abrams et al.* v. *Jerome Gearhart et al., Suffield Twp. Bd. of Zoning Appeals*, No. 257, Court of Appeals for Portage County (Seventh Appellate District), appears in conflict.

Judgment reversed and the record certified to the Supreme Court of Ohio as a conflict case.

*Judgment reversed.*

HUNSICKER, J., concurs.
STEVENS, P. J., dissents.