PETITIONERS FOR INCORPORATION, APPELLEES, *v.* BD. OF TWINSBURG TWP. TRUSTEES, APPELLANT.

[Cite as Petitioners v. Bd. of Twp. Trustees, 4 Ohio App. 2d 171.]

No. 5627—Decided November 10, 1965.)

*Messrs. Alpeter, Diefenbach & Davies,* for appellees.
*Messrs. Hershey, Browne, Wilson, Steel, Cook & Wolfe,* for appellants.

DOYLE, P. J.   On February 25, 1963, pursuant to Section 707.15, Revised Code, a petition for the incorporation of a village was filed with the Board of Township Trustees of Twinsburg Township, Summit County, Ohio. Thereafter, the board set a time, and designated the place, for a public hearing on the petition.   Section 707.16, Revised Code.

At the hearing on March 26, 1963, the petitioners were represented by counsel, as was the board of trustees, and evidence was presented.   Subsequently, on March 30, 1963, at a meeting of the board, it was determined that the allegations of the petition were not established in several material respects, and further proceedings for incorporation under the statute were denied.

The petitioners filed a notice of appeal to the Court of Common Pleas of Summit County with the clerk of the township, and, in the course of events, the appeal came on for hearing in the Court of Common Pleas, where additional evidence was taken.   At the conclusion of this hearing, the court ordered "that the findings and facts and conclusions of law of the Trustees of Twinsburg Township be and hereby are reversed and this cause is remanded to the Trustees of Twinsburg Township and they are ordered to set a date for an election and an election is ordered in conformance with Revised Code 707.16 * * *."

Thereupon the Board of Trustees of Twinsburg Township filed its notice of appeal from the judgment of the Court of Common Pleas to the Court of Appeals.

The following assignments of error are here urged:

1. "The Common Pleas Court was without jurisdiction of the subject matter of the appeal of Petitioners for Incorporation of a Village to be known as Twinsburg Heights Village * * *."

2. "Assuming that the Common Pleas Court had appellate jurisdiction of the subject matter of petitioners' appeal, the Common Pleas Court erred in finding that the petitioners * * * had complied with the provisions of Chapter 707, Ohio Revised Code, enabling the incorporation of a village out of a portion of a township."

The statute authorizing a petition to the township trustees

for the incorporation of a village, Section 707.15, Revised Code, in so far as pertinent, reads as follows:

"When the inhabitants of any territory or portion thereof desire that such territory be incorporated into a village, they shall make application, by petition, to the board of township trustees of the township in which the territory is located * * *. Such petition shall:

"(A) Be signed by not less than ten per cent of the persons seized of freehold estates and in any event not less than thirty such persons, residing within the proposed corporate limits of the village and addressed to the township trustees;

"(B) Be accompanied by an accurate map of the territory;

"(C) Contain, in addition to the matter required by Section 707.04 of the Revised Code to be set forth in petitions to incorporate territory laid off into village lots, the request of the petitioners that an election be held to obtain the opinion of the electors upon such incorporation;

[Section 707.04, Revised Code, mentioned above, prior to later amendment, provided:

"(A) An accurate description of the territory embraced within the proposed municipal corporation, and it may contain adjacent territory not laid off into lots;

"(B) The supposed number of inhabitants residing in such territory;

"(C) The name proposed;

"(D) The name of a person to act as agent for the petitioners. More than one agent may be named in such petition."]

"(D) Include a statement that the population density within the proposed corporation is in excess of three hundred persons per square mile;

"(E) Include a statement that the per capita valuation of real, public utility, and tangible personal property, as the same is shown on the tax list and duplicate, within the proposed corporation limits of the village, is in excess of one thousand dollars."

The procedure provided by statute, Section 707.16, Revised Code (since amended), at the time of the presentation of the

174

petition, gave to the trustees certain duties and obligations. In pertinent parts, the statute read:

"When the board of township trustees receives the petition provided for in Section 707.15 of the Revised Code, with the proof that the persons who signed it are electors who reside within the limits of the proposed municipal corporation, and that a majority of them are freeholders, the board shall order that such territory, with the assent of the qualified voters thereof as provided in Section 707.18 of the Revised Code, be an incorporated village by the name specified in the petition. The board shall also include in such order, a notice for the election by the qualified voters resident in the territory, at a convenient place therein to be named by such board, within fifteen days thereafter, to determine whether such territory shall be incorporated. The board of elections shall give ten days' notice of such election by publication in a newspaper of general circulation in such territory, and shall cause written or printed notices thereof, to be posted in three or more public places in the territory proposed to be incorporated."

With these statutes in mind, we look first to the challenge of the right of the Court of Common Pleas to entertain the appeal of the petitioners from the order of the board of township trustees. It is obvious from the record that the appeal was taken under the claimed authority of Section 2506.01, Revised Code. This statute provides:

"Every final order, adjudication, or decision of any officer, tribunal, authority, board, bureau, commission, department or other division of any political subdivision of the state may be reviewed by the Common Pleas Court of the county in which the principal office of the political subdivision is located, as provided in Sections 2505.01 to 2505.45, inclusive, of the Revised Code, and as such procedure is modified by Sections 2506.01 to 2506.04, inclusive, of the Revised Code.

"The appeal provided in Sections 2506.01 to 2506.04, inclusive, of the Revised Code, is in addition to any other remedy of appeal provided by law.

"A 'final order, adjudication, or decision' does not include any order from which an appeal is granted by rule, ordinance, or statute to a higher administrative authority and a right to a hearing on such appeal is provided; any order which does not

constitute a determination of the rights, duties, privileges, benefits, or legal relationships of a specified person; nor any order issued preliminary to or as a result of a criminal proceeding.''

The trustees claim, in contesting the right of the petitioners to appeal to the Court of Common Pleas, that Chapter 2506 of the Revised Code ''contemplates appellate review of decisions of officers only of divisions of political subdivisions of the state. * * * The board of township trustees not being a division of a political subdivision of the state of Ohio, its decision concerning the subject of this appeal is not reviewable under favor of Chapter 2506. * * * The act of the board of township trustees was not a judicial function, but rather a political or legislative act.''

Section 2, Article X of the Constitution of Ohio, recognizes the time-honored existence of townships, and specifically prescribes that:

''The General Assembly shall provide by general law for the election of such township officers as may be necessary. * * *''

The General Assembly has said, Section 503.01, Revised Code, that ''Each civil township is a body politic and corporate, for the purpose of enjoying and exercising the rights and privileges conferred upon it by law. * * *''

This court, in the unreported case of *Petitioners for Incorporation* v. *Board of Springfield Township Trustees* (No. 5448, Court of Appeals for Summit County [motion to certify the record overruled by the Supreme Court of Ohio, October 7, 1964]), ruled that the board of trustees of a township is an agency of a political subdivision of the state within the meaning of Section 2506.01, Revised Code, and, as a consequence, an appeal could be prosecuted to the Court of Common Pleas from an order of the board of township trustees denying a petition requesting incorporation of a village, for the reason that ''adequate proof of the legal requirements under Section 707.15 and Section 707.16, Revised Code, had not been made.'' We are not now inclined to recede from the position taken in that case, and reaffirm it as being sound in principle.

We do not agree with the claim that the action taken by the board of trustees in denying the petition was a ''political or legislative act,'' and, therefore, not appealable under the authority of *Remy* v. *Kimes*, 175 Ohio St. 197; *Berg* v. *City of*

*Struthers,* 176 Ohio St. 146, and similar authorities. There are no provisions in the statute, Section 707.16, Revised Code, which empower the trustees to consider the merits of the petition for incorporation. The board is required to grant the prayer of the petition, and direct an election if, after hearing, it concludes that the petition is in compliance with the requirements of the statute; and the petitioners have established by proof that the statutory requirements have been met. These requirements of the statute call for a judicial act, and not a "political or legislative act."

We hold, therefore, that the Court of Common Pleas had jurisdiction of the subject matter of the appeal of the petitioners for incorporation of a village to be known as Twinsburg Heights village.

Having determined the right of the Court of Common Pleas to exercise its jurisdiction upon the appeal of the petitioners for incorporation, who were, indeed, specified persons within the meaning of Section 2506.01, Revised Code (see the case of *Roper* v. *Board of Zoning Appeals, Township of Richfield,* 115 Ohio App. 62, affirmed in 173 Ohio St. 168, on the subject of "specified persons"); we look now to the right of this Court of Appeals to hear the appeal taken by the township board of trustees from the judgment of the Court of Common Pleas.

It is established law that if no party entitled to appeal is before the appellate court, the court is without jurisdiction, and the question being jurisdictional, it may be raised at any time, even by the court itself. See: 4 American Jurisprudence 2d 684, Section 172.

By virtue of Section 6, Article IV of the Constitution of Ohio, and related statutes, this court has jurisdiction to hear an appeal from a judgment of the Court of Common Pleas. However, it is also settled that only aggrieved parties to the litigation have the right to appeal, and such appeal is for the sole purpose of correcting errors injuriously affecting them. In the case of *Ohio Contract Carriers Assn., Inc.,* v. *Public Utilities Commission,* 140 Ohio St. 160, the opinion of Turner, J., quotes with approval 2 American Jurisprudence 941, Section 149, that: "It is a fundamental rule that to be entitled to institute * * * error proceedings a person must have a present interest in

the subject-matter of the litigation and must be aggrieved or prejudiced by the judgment, order or decree.''

Township trustees possess only the powers that are expressly conferred upon them by statute or which are, by necessary implication, requisite to perform the duties imposed upon them. They are empowered, in certain instances, to act in a judicial, as well as a ministerial, capacity. 52 Ohio Jurisprudence 2d 295, Section 42.

Under the provisions of Section 707.16, Revised Code, *supra,* the board of trustees is given judicial authority. It cannot give consideration to the merits of the petition as a legislative body might do, but is confined to the duty of granting the petition and ordering an election if the allegations of the petition meet the full command of the statute, and it has been established by evidence that the allegations of the petition are true.

In an appeal, by an aggrieved person, from a decision of a board of township trustees on a petition for incorporation of a village, neither the board, nor its members, become a party to the appeal. The powers of the board are specified explicitly in Section 707.16, Revised Code, *supra.* Paraphrasing the language of Taft, J., in the case of *A. DiCillo & Sons, Inc.,* v. *Chester Zoning Board of Appeals,* 158 Ohio St. 302, at p. 305, the legislative provisions granting power to the board of township trustees to pass upon a petition for incorporation of a village, and to order an election, are entirely inconsistent with any idea that the board or its members as such should be considered as aggrieved persons or prejudiced by a judgment of the Court of Common Pleas reversing an order of the board of township trustees on a petition for incorporation of a village. The legislation granting power to the board to pass upon the petition apparently contemplated that the board should be as disinterested in deciding such matters as this court is in deciding this appeal. Neither the board nor its members are authorized under the law to become partisans when its decision is questioned on appeal to a court.

In conclusion, we hold that the appeal to this court should be dismissed for the reason that the Board of Twinsburg Township Trustees is not a litigant in the action, and is not in law prejudiced by the judgment of the Court of Common Pleas.

In dismissing this appeal, we are by no means saying that in all instances a board of township trustees is denied the right to appeal. The writer of this opinion, as a practicing lawyer, argued and won the right of appeal of township trustees before the Supreme Court of Ohio, in the case of *Gearhart* v. *Richardson,* 109 Ohio St. 418. However, that case bears no resemblance to the case here before us.

The appeal will be dismissed.

*Appeal dismissed.*

BRENNEMAN and HUNSICKER, JJ., concur.