ENGLAND, APPELLEE, *v.* BARSTOW, APPELLANT.

(No. 716—Decided April 19, 1972.)

*Messrs. Rowland, Bridgewater & Robe* and *Mr. William O. Rowland,* for appellee.
*Mr. Samuel B. Erskine,* for appellant.

GRAY, J. A petition sounding in negligence was filed February 1, 1968. An answer thereto was filed on behalf of the defendant March 22, 1968 by Samuel B. Erskine, attorney at law, of the Athens County bar. Defendant William Barstow died June 29, 1968. His death came to the attention of Mr. Erskine on January 30, 1969, and notice thereof was filed on February 3, 1969, pursuant to R. C. 2311.31.

Paul J. Gerig, attorney at law, of the Athens County bar, was appointed administrator of the estate of defendant on May 26, 1969, without the knowledge of Mr. Erskine. Mr. Gerig entered his appearance in this cause and consented to the revivor of this action in his name, as administrator, acknowledging that he was aware that a law suit was pending against his decedent.

On March 16, 1970, a motion was filed by Mr. Erskine to set aside and strike from the files the consent and journal entry. The trial court granted this motion but later rescinded this action by journal entry dated June 29, 1970. Thereafter, on July 10, 1970, a motion to set aside the consent and journal entry was filed. A record was made. The trial court prepared and filed its own entry rescinding the order of March 25, 1970, granting the motion to strike the consent of Mr. Gerig from the files.

Mr. Erskine filed a notice of appeal from this decision of the trial court. The notice of appeal, omitting the caption, is as follows:

"The defendant, William Everett Barstow, hereby gives notice of appeal to the Court of Appeals, Fourth Judicial District, Athens County, Ohio, from a judgment rendered by the Court of Common Pleas of Athens County, Ohio, in the above entitled cause on the 20th day of May, 1971.

"Said appeal is on questions of law.

"s/ Samuel B. Erskine
Attorney for Defendant
William Everett Barstow"

Mr. Erskine assigned the following errors:

"1. The court erred in overruling defendants, William Everett Barstow's, motion filed herein on July 10, 1970, for an order to vacate, set aside and hold for naught the proported [sic] consent filed herein on June 25, 1969, and the entry thereon filed on June 25, 1969, for the reasons and upon the grounds set forth in said motion.

"2. The court erred in holding purported pleadings filed by Paul J. Gerig as an Administrator herein sufficient to revive the cause of action set forth in the petition.

"3. The court erred in holding that the purported action of Paul J. Gerig, the Administrator of the estate of the decedent who was a nominal party only, was binding upon and revived the action against the real party and interest without the consent, approval or knowledge of the attorney for the real party in interest in record of this matter.

"4. The ruling of the court is contrary to law.

"5. Other errors apparent on the face of the record."

Let us examine the record. Defendant died June 29, 1968. The notice of appeal was filed June 3, 1971. A simple matter of arithmetic reveals that the notice of appeal was filed by Mr. Erskine approximately 3 years after his client had died. Mr. Erskine assumes that he is still in the case in the same capacity. The source of Mr. Erskine's authority to act as an attorney in this case stemmed from his employment by decedent. There is nothing in the record to show that decedent gave any authority to Mr. Erskine to act in perfecting an appeal and the appeal that the attorney is now prosecuting could not possibly have been contemplated by decedent in his lifetime. We are of the view that Mr. Erskine has no standing to prosecute this appeal and that it should be dismissed. The relationship of attorney and client is a personal one and ceases upon the death of either. This question has been decided in Ohio many years ago in *Cisna's Admr.* v. *Beach*, 15 Ohio 300. The two paragraphs of the syllabus are as follows:

"Where the error assigned is, that the defendant in error was dead at the rendition of judgment, the executor or administrator must be made party defendant.

"Service of notice upon the attorney, after the death of the party, is invalid."

The court in the opinion, at 301, said:

"*Death* is a tyrant that disregards all the relations between attorney and client; his stroke dissolves them."

In 1892, the Supreme Court reiterated this position in *McGuire* v *Ranney*, 49 Ohio St. 372, 373, wherein it is said:

"The decease of the defendant in error December 6, terminated the authority of the attorneys of record in the original case, and hence the entry of appearance on the petition in error is without legal effect."

Judge Stephenson concurs in the judgment, but on a different basis than the majority. The filing of the notice of appeal is jurisdictional. If it were filed by one not having standing to perfect the appeal, and it is so determined,

that ends the matter. Hence, we cannot proceed further to determine whether or not Mr. Erskine had an appealable order. In fact, this court is precluded from doing so. It would be a vain thing and a totally unnecessary step to take.

The appeal of Mr. Erskine is dismissed.

*Appeal dismissed.*

ABELE, P.J., and STEPHENSON, J., concur.

STEPHENSON, J., concurring. I concur in the judgment insofar as it dismisses the appeal. The order from which the appeal is sought is the overruling of an attack upon an order of revivor. In my view, this court acquires no jurisdiction in this appeal. The principal action remains pending and the order here in question, while affecting a substantial right, neither determines the action nor prevents a judgment. Neither is it an order affecting a substantial right made in a special proceeding. Hence, it is an interlocutory order and not a final order defined in R. C. 2505.02. See *Squire* v. *Gdn. Trust Co.,* 147 Ohio St. 1; *House* v. *Lano,* 90 Ohio App. 156, 2 Ohio Jurisprudence 2d 662, Appellate Review, Section 76.