JOURNAL ENTRY AND OPINION
Appellant appeals an order of the Cuyahoga County Court of Common Pleas, Division of Domestic Relations, which granted appellee's motion to modify spousal support, motion to show cause and overruled appellant's motion to show cause. Appellant raises a single assignment of error, which contends that the order was entered in error because it was filed after the appellee's death. Counsel for appellee has raised the question of whether the appeal should be dismissed for lack of jurisdiction because the notice of appeal was filed naming a deceased party as appellee. As explained below, the appeal of this matter is dismissed for lack of jurisdiction.
Appellant, Daryle E. Nielsen-Mayer, and appellee, Jorgen Nielsen-Mayer, were divorced by judgment entry dated December 27, 1994. A separation agreement was incorporated into the judgment entry. Pursuant to the terms of the separation agreement, appellee was to pay to appellant $1,200 a month in spousal support. In addition, appellee transferred to appellant his interest in the marital property, for which appellant was to pay $32,000, in two installments, to appellee.
Subsequent to the divorce, appellee became disabled, and filed a motion to modify spousal support. Additionally, appellee filed a motion to show cause alleging appellant's failure to pay the required installments to appellee for the marital property. Appellee filed a cross motion to show cause for appellant's alleged failure to pay spousal support.
On January 22, 1999, a hearing on the above motions was held before a magistrate. Subsequent to the hearing, appellee died on July 4, 1999. On August 9, 1999, appellant filed a suggestion of death with the court. On August 13, 1999, a magistrate's decision was filed which modified appellee's spousal support payment to $700 a month, granted appellee's motion to show cause, and overruled appellant's cross motion to show cause. No objection to the magistrate's decision was filed. On September 16, 1999, the trial court adopted the magistrate's decision.
Appellant appeals the domestic relations court's decision, asserting that the trial court did not have jurisdiction to render a decision on September 16, 1999, because of appellee's death on July 4, 1999.
In his motion to dismiss appellant's appeal, appellee argues that the appeal is moot because appellant failed to substitute parties in the action and failed to make a claim against appellee's estate.
It is well established that both plaintiff and defendant in a lawsuit must be legal entities with the capacity to be sued. Patterson v. V M Auto Body (1992), 63 Ohio St.3d 573, 574; 589 N.E.2d 1306, 1308, Cf. Civ.R. 17(B); Barnhart v. Schultz (1978), 53 Ohio St.2d 59, 61, 7 O.O.3d 142, 143, 372 N.E.2d 589, 591, overruled on other grounds, Baker v. McKnight (1983), 4 Ohio St.3d 125, 4 OBR 371, 447 N.E.2d 104. Because a party must actually or legally exist `one deceased cannot be a party to an action.'" Baker, 4 Ohio St.3d at 127; 447 N.E.2d at 106. As such, appellee ceased to be a party to the action in the trial court at the time of his death.
Generally, only a party to the action in the trial court has a right to appeal a judgment entered in that action. Petitioners v. Bd. of Township Trustees (1965), 4 Ohio App.2d 171, 176, 211 N.E.2d 880, 884; Amherst v. Wragg (1941), 72 Ohio App. 303, 305, affirmed on other grounds (1942),139 Ohio St. 371. See also, State, ex rel. Dayton, v. Kerns (1977),49 Ohio St.2d 295, 298; Bd. of Edn. v. Bd. of Revision (1973),34 Ohio St.2d 231, 234; State, ex rel. Lipson, v. Hunter (1965),2 Ohio St.2d 225. Although appellant is a party to the underlying suit, and thus has a right to appeal, appellee ceased to be a party to the suit upon his death. Therefore, appellee is without capacity to be a party on appeal. Schectman v. Manitsas, (Mar. 26, 1990) Butler App. No. CA89-04-056, unreported, 1990 Ohio App. LEXIS 1060, at *3.
App.R. 29(A) does not apply to the instant action. App.R. 29 (A) provides:
 "(A) Death of a party. If a party dies after a notice of appeal is filed or while a proceeding is otherwise pending in the court of appeals, the personal representative of the deceased party may be substituted as a party on motion filed by the representative, or by any party, with the clerk of court of appeals.
 The motion of a party shall be served upon the representative in accordance with the provisions of Rule 13. If the deceased party has no representative, any party may suggest the death on the record and proceedings shall then be had as the court of appeals may direct. If a party against whom an appeal may be taken dies after entry of a judgment or order in the trial court but before a notice of appeal is filed, an appellant may proceed as if death had not occurred. After the notice of appeal is filed substitution shall be effected in the court of appeals in accordance with this subdivision. If a party entitled to appeal shall die before filing a notice of appeal, the notice of appeal may be filed by his personal representative, or, if he has no personal representative, by his attorney of record within the time prescribed by these rules. After the notice of appeal is filed, substitution shall be effected in the court of appeals in accordance with this subdivision." (Emphasis added.)
As stated above, App.R. 29 allows a party to bring an appeal against a deceased party as if the death did not occur, after entry of a judgment or order. Here, appellee died prior to the entry of the order, and thus it was necessary that a substitution of party be made in the lower court pursuant to Civ.R. 25.
Civ.R. 25 (A)(1) provides:
 If a party dies and the claim is not thereby extinguished, the court shall, upon motion, order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 through Rule 4.6 for the service of summons.
 Unless the motion for substitution is made not later than ninety days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.
Appellant failed to take the procedural steps necessary at the trial court level to ensure that a representative of appellee would be made a party.
Consequently, there is no party before this court against whom appellant can raise an appeal. Therefore, we are precluded from passing upon the merits of any assignment of error and the appeal must be dismissed. See England v. Barstow (1972), 30 Ohio App.2d 42, 44-45,282 N.E.2d 58, 59.
This cause is dismissed.
It is ordered that appellant pay the costs herein taxed.
It is ordered that a special mandate issue out of this court directing the Domestic Relations Division of Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ______________________________ COLLEEN CONWAY COONEY, JUDGE
DIANE KARPINSKI, A.J. and JAMES D. SWEENEY, J. CONCUR.