[Cite as *Galilee Missionary Baptist Church v. Bibby*, 2011-Ohio-4610.]

STATE OF OHIO     )             IN THE COURT OF APPEALS
                         )ss:         NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT     )

GALILEE MISSIONARY BAPTIST
CHURCH

       Appellant

       v.

WILLIAM M. BIBBY, et al.

       Appellees

C.A. No.      25746

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV 2010-03-1608

DECISION AND JOURNAL ENTRY

Dated: September 14, 2011

DICKINSON, Judge.

INTRODUCTION

{¶1} The pastor and a majority of the deacons of Galilee Missionary Baptist Church decided to move out of the church's sanctuary and begin holding services at a different location. They later decided to lease the sanctuary to New Covenant Ministries of America. Several months after moving to the new location, some of Galilee's members, including Deacon Alcee Butler, wanted to return to the sanctuary. When New Covenant stopped making its monthly lease payments, the Galilee members who wanted to return to the sanctuary filed a forcible entry and detainer action against New Covenant on behalf of Galilee. New Covenant counterclaimed and filed a claim against Mr. Butler for frivolous conduct. The trial court referred the case to a magistrate, who held three hearings. At the conclusion of the first hearing, he found that Galilee had failed to prove that it was entitled to evict New Covenant. After the third hearing, he found that the lease had been amended to allow New Covenant to retain possession of the sanctuary

until July 31, 2010. He, therefore, concluded that all of the other claims were moot. Galilee objected to the magistrate's decisions, but the trial court overruled its objections, adopted the magistrate's decision, and entered judgment denying Galilee's claims. Galilee has appealed, assigning seven errors. We affirm because Galilee did not file a transcript of the second or third hearings and it does not have standing to appeal the trial court's disposition of New Covenant's claim against Mr. Butler.

## BACKGROUND

{¶2} Galilee was formed around 1916 and has owned the sanctuary at issue since 1927. In July 2007, its members chose William Hunt to serve as their pastor. In 2008, Reverend Hunt and a majority of Galilee's deacons decided to move the church's services from the sanctuary to a new location. At the time of the decision, Mr. Butler was a deacon, but was inactive. In June 2009, Galilee entered into an agreement with New Covenant to lease the sanctuary for 20 months. Under the terms of the lease, New Covenant agreed to pay $5000 as a security deposit and $600 a month in rent. The lease also gave New Covenant an option to purchase the sanctuary.

{¶3} New Covenant made all of its payments until it learned that a faction of Galilee's members wanted to return to the sanctuary. At that point, it, allegedly, stopped making payments. Because Galilee was no longer receiving rent, the faction that wanted to return to the sanctuary, led by Mr. Butler, filed a forcible entry and detainer action against New Covenant on behalf of Galilee. The complaint also sought damages for the unpaid rent. New Covenant counterclaimed, alleging that Galilee had committed fraud. It also filed an indemnification claim against Reverend Hunt and a frivolous conduct claim against Mr. Butler.

**{¶4}** A magistrate held a hearing on the claims on April 19, 2010. At the hearing, the magistrate called Reverend Hunt as the court's own witness. Although he allowed the parties to cross-examine Reverend Hunt, the magistrate ended the hearing without allowing any of the parties to call their own witnesses. Following the hearing, he entered an order finding that New Covenant had paid all of the rent that was owed to Reverend Hunt and concluding, therefore, that Galilee had failed to demonstrate that New Covenant should be evicted. The magistrate also scheduled another hearing for May 13, 2010.

**{¶5}** Galilee moved to stay the magistrate's order, arguing that it had not been allowed to call any witnesses or present any exhibits regarding its forcible entry and detainer action. On May 12, 2010, the trial court denied its motion without explanation. On May 13, 2010, the magistrate held another hearing. A transcript of what occurred at that hearing is not in the record. After the hearing, the magistrate entered an order scheduling a third hearing for June 30, 2010. A transcript of what occurred at the June 30, 2010, hearing is also not in the record.

**{¶6}** On July 9, 2010, the magistrate entered his decision. He found that Galilee and New Covenant had modified the lease to allow New Covenant to occupy the sanctuary until July 31, 2010. He, therefore, determined that Galilee's claims against New Covenant and New Covenant's claims against Galilee, Reverend Hunt, and Mr. Butler were moot. He also determined that, to the extent that a dispute exists between the different factions of Galilee's membership, those issues were the subject of a different lawsuit. The magistrate recommended that the trial court deny Galilee's claims against New Covenant as long as New Covenant complied with the amended lease, that it dismiss New Covenant's counterclaim and its claim against Reverend Hunt with prejudice, and that it dismiss New Covenant's claim against Mr. Butler without prejudice.

**{¶7}** Galilee filed 14 objections to the magistrate's decision, contesting the way the magistrate had conducted the hearings, his factual findings, and his conclusions of law. The trial court overruled Galilee's objections, concluding that it had failed to establish that it was entitled to evict New Covenant. It also concluded that the lease addendum allowed New Covenant to occupy the sanctuary as long as it complied with the addendum's terms. It further concluded that New Covenant's claims and counterclaim were moot. While retaining jurisdiction to ensure that New Covenant complied with the amended lease, the court dismissed New Covenant's claims against Galilee and Reverend Hunt with prejudice and its claim against Mr. Butler without prejudice. Galilee has appealed, assigning seven errors.

## DUE PROCESS RIGHTS

**{¶8}** Galilee's first assignment of error is that the trial court incorrectly adopted the magistrate's decision even though the magistrate called only one witness at the April 19, 2010, hearing, in violation of its constitutional rights and Chapter 2315 of the Ohio Revised Code. It has argued that the magistrate did not allow it to call witnesses that it wanted to call in support of its case.

**{¶9}** Section 2315.01(A) of the Ohio Revised Code explains the procedure a court must use in jury trials "unless for special reasons the court otherwise directs." Under Section 2315.08, the same procedure applies to bench trials. While the magistrate did not follow those procedures at the April 19, 2010, hearing, we conclude that any error by the magistrate must be regarded as harmless. See Civ. R. 61.

**{¶10}** Following the June 30, 2010, hearing, the magistrate determined that Galilee's eviction claim, which had been the subject of the April 19, 2010, hearing, was moot.

Specifically, it found that Galilee had entered into a lease addendum with New Covenant that allowed New Covenant to occupy the sanctuary until July 31, 2010.

{¶11} Galilee has not provided this Court with a transcript of the May 13 or June 30 hearings. It is, therefore, impossible to determine whether the magistrate's mootness finding is supported by the record. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." *Knapp v. Edwards Labs.*, 61 Ohio St. 2d 197, 199 (1980). Accordingly, we will presume that the magistrate's mootness determination, and the trial court's adoption of it, were correct. Because Galilee's eviction claim is moot, we conclude that any failure by the trial court to comply with Section 2315.01 at the April 19, 2010, hearing did not affect its substantial rights. Civ. R. 61. ("The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties."). Galilee's first assignment of error is overruled.

MANIFEST WEIGHT

{¶12} Galilee has argued its next three assignments of error together. Its second assignment of error is that the trial court incorrectly found that an agency relationship existed between it and Reverend Hunt and that Reverend Hunt had express authority to sell or otherwise dispose of the sanctuary. Its third assignment of error is that the trial court incorrectly found that New Covenant could rely on Reverend Hunt's representations without investigating the scope of his authority to act on its behalf. Its fourth assignment of error is that the trial court's judgment is against the manifest weight of the evidence. Galilee has argued that the court incorrectly

concluded that the lease was amended to allow New Covenant to occupy the sanctuary until July 31, 2010.

**{¶13}** We must overrule Galilee's assignments of error for the same reason as its first assignment of error. Galilee failed to provide this Court with a transcript of the May 13 and June 30, 2010 hearings. We, therefore, must presume that competent, credible evidence was presented at those hearings to support the magistrate and trial court's finding that the lease had been properly amended. *Knapp v. Edwards Labs.*, 61 Ohio St. 2d 197, 199 (1980). Galilee's second, third, and fourth assignments of error are overruled.

## FORCIBLE ENTRY AND DETAINER

**{¶14}** Galilee's fifth assignment of error is that the trial court should have determined that the magistrate did not comply with Chapter 1923 of the Ohio Revised Code. In particular, it has argued that the magistrate did not comply with Section 1923.06.1 regarding the payment of rent to the court and Section 1923.08 regarding the posting of bonds.

**{¶15}** Under Section 1923.06.1, "[i]n an action for possession of residential premises based upon nonpayment of the rent . . . , the tenant or resident may counterclaim for any amount he may recover under the rental agreement or under Chapter 3733. or 5321. of the Revised Code. In that event, the court from time to time may order the tenant or resident to pay into court all or part of the past due rent and rent becoming due during the pendency of the action." Under Section 1923.08, "[n]o continuance in an action under this chapter shall be granted for a period longer than eight days, unless the plaintiff applies for the continuance and the defendant consents to it, or unless the defendant applies for the continuance and gives a bond to the plaintiff, with good and sufficient surety, that is approved by the court and conditioned for the payment of rent that may accrue, if judgment is rendered against the defendant."

{¶16}  Galilee has argued that the magistrate was required to order New Covenant to deposit its rent with the court under Section 1923.06.1 or post a bond under Section 1923.08 because the magistrate continued the case more than eight days beyond the original trial date. Section 1923.06.1(B), however, only applies to "residential premises."  It also only provides that the court "may" order a tenant to pay its rent to the court.  The decision is completely discretionary.  *Bester v. Owens*, 2d Dist. No. 17388, 1999 WL 179261 at *2 (Mar. 31, 1999) ("[If] a tenant asserts a counterclaim in an action based on nonpayment of rent, the determination whether to require the tenant to escrow rent during the pendency of the action is committed to the discretion of the trial court.").  There is also no evidence that New Covenant ever applied for a continuance of the hearing.  Section 1923.08, therefore, is inapplicable.  Galilee's fifth assignment of error is overruled.

## FRIVOLOUS CONDUCT

{¶17}  Galilee's sixth assignment of error is that the trial court incorrectly failed to dismiss New Covenant's claim against Mr. Butler with prejudice.  According to Galilee, Mr. Butler was not the proper subject of a claim for frivolous conduct because, under Section 2323.51 of the Ohio Revised Code, such claims may only be made against parties, which Mr. Butler was not.

{¶18}  "It is fundamental that [an] appeal lies only on behalf of a party aggrieved."  *Ohio Contract Carriers Ass'n Inc. v. Public Utils. Comm'n*, 140 Ohio St. 160, 161 (1942); *BFG Federal Credit Union v. CU Lease Inc.*, 9th Dist. No. 22590, 2006-Ohio-1034, at ¶36 ("An appeal lies only on behalf of the party who is aggrieved by the judgment.") (quoting *Sampson v. Hughes*, 4th Dist. No. 98CA2435, 1999 WL 552668 at *3 (July 22, 1999)).  "The sole purpose of an appeal is to provide the appellant an opportunity to seek relief in the form of a correction of

errors of the lower court that injuriously affected him." *BFG Federal Credit Union*, 2006-Ohio-1034, at ¶36 (citing *Petitioners v. Bd. of Twp. Trustees*, 4 Ohio App. 2d 171, 176 (1965)).

{¶19} Galilee has not alleged that it has an obligation to defend Mr. Butler or indemnify him for any damages he might be required to pay if New Covenant renews its suit against him. Accordingly, it has not established that it has been "injuriously affected" by the dismissal of New Covenant's claim against Mr. Butler without prejudice. See *Ohio Contract Carriers Ass'n Inc. v. Public Utils. Comm'n*, 140 Ohio St. 160, 161 (1942) (noting that appellant's "interest must be immediate and pecuniary, and not a remote consequence of the judgment; a future, contingent or speculative interest is not sufficient."). We, therefore, conclude that Galilee does not have standing to appeal the court's decision on that issue. See *Freeman v. Freeman*, 9th Dist. No. 07CA0036, 2007-Ohio-6400, at ¶36 (concluding that husband was without standing to appeal sanction imposed on wife's lawyer). Galilee's sixth assignment of error is overruled.

NUNC PRO TUNC

{¶20} Galilee's seventh assignment of error is that the trial court incorrectly allowed the magistrate to amend its decision nunc pro tunc while objections to the decision were pending. It has argued that, although a magistrate may amend its decision if a party files a motion for findings of fact and conclusion of law under Rule 52 of the Ohio Rules of Civil Procedure, it does not have any authority to alter its decision after objections have been filed. According to Galilee, once an objection is filed, a magistrate loses jurisdiction over the case until the trial court refers the matter back to him.

{¶21} In his decision, the magistrate wrote that "[t]he frivolous conduct claim set out in Count III of . . . New Covenant's filing . . . is also moot as [Mr.] Butler has never been a part[y] to this lawsuit. His name is only used as a receipt for mailings for [Galilee]. Should such claim

exist, if such exists, [it] is found to be seemingly inextricably linked to the new case . . . and not this lawsuit." New Covenant objected to the magistrate's statement that Mr. Butler was not a party, asserting that it had sued him for frivolous conduct. The magistrate, therefore, filed a "Supplemental Decision" changing the above quoted language to "[t]he frivolous conduct claim set out in Count III of . . . New Covenant's filing . . . is also moot. If such claim exists, it is found to be seemingly inextricably linked to the new case . . . and not this lawsuit."

{¶22} Galilee has not cited any authority to support its argument that a magistrate may not supplement his decision once objections have been filed. Even if the magistrate did not have authority to supplement his decision, we fail to see how the attempt harmed Galilee. Under Rule 53(D)(4)(a) of the Ohio Rules of Civil Procedure, "a magistrate's decision is not effective unless adopted by the court." Under Rule 53(D)(4)(b), "a court may adopt or reject a magistrate's decision in whole or in part, with or without modification." While the court wrote in its judgment that it was adopting the magistrate's decision "as modified" by the supplemental decision, it had authority to correct the magistrate's clerical error regardless of whether his supplemental decision was valid. We, therefore, conclude that the Galilee has not demonstrated trial court error. Galilee's seventh assignment of error is overruled.

### CONCLUSION

{¶23} Because Galilee has failed to provide this Court with a transcript of each of the hearings on its claims, we must presume that the trial court's decision is correct. The judgment of the Summit County Common Pleas Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

 

CLAIR E. DICKINSON
FOR THE COURT

 

BELFANCE, P. J.
WHITMORE, J.
CONCUR

APPEARANCES:

PAUL R. HOFFER, Attorney at Law, for Appellant.

JAMES E. BANAS, Attorney at Law, for Appellant.

DAVID R. KENNEDY, Attorney at Law, for Appellee.

HAROLD POLLOCK, Attorney at Law, for Appellee.