[Cite as *Schroeder v. Kirtland*, 2024-Ohio-2319.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

THOMAS SCHROEDER,

Appellant,

- vs -

CITY OF KIRTLAND, et al.,

Appellees.

CASE NO. 2024-L-002

Administrative Appeal from the
Court of Common Pleas

Trial Court No. 2023 CV 000552

**M E M O R A N D U M**
**O P I N I O N**

Decided: June 17, 2024
Judgment: Appeal dismissed

*Erik L. Walter*, Dworken & Bernstein Co., LPA, 60 South Park Place, Painesville, OH 44077 (For Appellant).

*Matthew A. Lallo* and *Thomas G. Lobe*, Lallo & Feldman Co., LPA, 4230 State Route 306, Suite 240, Willoughby, OH 44094 (For Appellees).

MARY JANE TRAPP, J.

{¶1}     Appellant, Thomas Schroeder ("Mr. Schroeder"), appeals the judgment of the Lake County Court of Common Pleas affirming the decision of appellees, City of Kirtland and City of Kirtland Planning and Zoning Commission (collectively, "Kirtland"), that denied his request for a zoning permit. For the reasons that follow, this appeal is dismissed, sua sponte, for lack of jurisdiction.

## Background

{¶2} In April 2023, Mr. Schroeder appealed Kirtland's decision denying his request for a zoning permit to the trial court. Subsequently, the record was filed, and the parties filed briefs. Unfortunately, Mr. Schroeder died on January 3, 2024.[1] There is no indication he was substituted as a party in the trial court. On January 16, 2024, the trial court filed a judgment entry affirming Kirtland's decision. On January 26, 2024, Mr. Schroeder, through counsel, purported to file a notice of appeal in this court.

{¶3} This court, sua sponte, ordered the parties to brief whether this appeal must be dismissed for lack of jurisdiction in light of Mr. Schroeder's death. Mr. Schroeder filed a responsive brief. Kirtland did not file a brief.

## Law and Analysis

{¶4} "Generally, only a party to the action in the trial court has a right to appeal a judgment entered in that action." *Schectman v. Manitsas*, 12th Dist. Butler No. CA89-04-056, 1990 WL 32761, *1 (Mar. 26, 1990). "Because a party must actually or legally exist[,] 'one deceased cannot be a party to an action.'" *Baker v. McKnight*, 4 Ohio St.3d 125, 127, 447 N.E.2d 104 (1983), quoting *Brickley v. Neuling*, 256 Wisc. 334, 336, 41 N.W.2d 284 (1950). Because a person ceases to be a party to an action in the trial court at the time of death, the deceased person is without capacity to appeal. *Schectman* at *1; *Seely v. Youssef*, 6th Dist. Lucas No. L-94-280, 1995 WL 136786, *1 (Mar. 31, 1995); *see Nielsen-Mayer v. Nielsen-Mayer*, 8th Dist. Cuyahoga No. 77112, 2001 WL 259188, *1 (Mar. 15, 2001).

---

1. Mr. Schroeder's obituary is available online at https://www.news-herald.com/obituaries/dr-thomas-k-schroeder (accessed June 12, 2024).

Case No. 2024-L-002

{¶5}     The appellate rules permit party substitution under certain circumstances. App.R. 29(A), entitled "death of a party," states:

{¶6}     "If a party dies after a notice of appeal is filed or while a proceeding is otherwise pending in the court of appeals, the personal representative of the deceased party may be substituted as a party on motion filed by the representative, or by any party, with the clerk of the court of appeals.  The motion of a party shall be served upon the representative in accordance with the provisions of Rule 13.  If the deceased party has no representative, any party may suggest the death on the record and proceedings shall then be had as the court of appeals may direct.  If a party against whom an appeal may be taken dies after entry of a judgment or order in the trial court but before a notice of appeal is filed, an appellant may proceed as if death had not occurred.  After the notice of appeal is filed substitution shall be effected in the court of appeals in accordance with this subdivision.  *If a party entitled to appeal shall die before filing a notice of appeal, the notice of appeal may be filed by his personal representative, or, if he has no personal representative, by his attorney of record within the time prescribed by these rules*.  After the notice of appeal is filed, substitution shall be effected in the court of appeals in accordance with this subdivision."  (Emphasis added.)

{¶7}     Courts have construed the emphasized language as referring to a situation in which a party dies *after* the trial court's entry of final judgment but *before* the filing of the notice of appeal.  If a party dies before the entry of final judgment, the deceased person is not a "party entitled to appeal" under App.R. 29(A).  *See Schuholz v. Schuholz*, 1st Dist. Hamilton No. C-820498, 1983 WL 5455, *2 (Feb. 23, 1983), fn. 1; *Schectman* at *2.

3

Case No. 2024-L-002

{¶8} There is no dispute that Mr. Schroeder died before the trial court entered final judgment. Since Mr. Schroeder ceased to be a party at the time of his death, he was without capacity to appeal. *See Schuholz* at *1; *Schectman* at *1-2. Consequently, App.R. 29(A) did not permit Mr. Schroeder's counsel to file a notice of appeal on his behalf. *See also England v. Barstow*, 30 Ohio App.2d 42, 282 N.E.2d 58 (4th Dist.1972), paragraph one of the syllabus ("The death of the client dissolves the relationship of attorney and client"). Therefore, this court's jurisdiction was not properly invoked, and the appeal must be dismissed.

{¶9} The arguments Mr. Schroeder's counsel raises in response to our show cause order do not support a contrary conclusion. For instance, counsel contends that pursuant to R.C. 2311.21, Mr. Schroeder's death did not abate the Kirtland zoning matter. However, the issue here is not abatement of a pending proceeding but whether this court's appellate jurisdiction was properly invoked.

{¶10} Counsel next contends that the Supreme Court of Ohio's decision in *Baker*, 4 Ohio St.3d, offers "instruction." However, counsel simply presents a lengthy quote from that decision without articulating how it supports his position.

{¶11} Counsel also contends that since Kirtland only raised the issue of Mr. Schroeder's death in a footnote to its appellate brief, it has suffered no prejudice. However, a jurisdictional defect is not subject to a prejudice analysis. If this court lacks jurisdiction, the appeal must be dismissed. *See Seely*, 1995 WL 136786, at *1.

{¶12} Counsel further contends that he could not have filed a motion for substitution in the trial court because Mr. Schroeder's death was not brought to his

4

Case No. 2024-L-002

attention until after the trial court entered final judgment. Even if accurate, counsel's assertion has no bearing on this court's jurisdiction.

{¶13} Finally, counsel states that based on the Seventh Appellate District's decision in *Smith v. Bond*, 7th Dist. Belmont No. 13 BE 27, 2015-Ohio-2585, we should remand this matter to the trial court to allow him to file a motion for substitution. The issue in *Smith v. Bond* was whether *the trial court* had jurisdiction to grant summary judgment to the defendant after the defendant's counsel had filed a suggestion of death. *See id.* at ¶ 1. Again, the issue here is *our* jurisdiction. We take no position regarding the trial court's jurisdiction or whether any procedural issues below may be cured.

{¶14} For the foregoing reasons, this appeal is dismissed, sua sponte, for lack of jurisdiction.

EUGENE A. LUCCI, P.J.,

ROBERT J. PATTON, J.,

concur.

5