BARNHART, APPELLEE, ET AL., *v.* SCHULTZ, ADMR.,
APPELLANT.

[Cite as Barnhart v. Schultz (1978), 53 Ohio St. 2d 59.]

(No. 77-280—Decided February 8, 1978.)

60

Messrs. *Lindhorst & Dreidame* and *Mr. Arthur D. Weber, Jr.,* for appellee Patsey Lee Barnhart.

*Droder Co., L. P. A.,* and *Mr. Eugene Droder,* for appellant Howard Schultz, Jr., Administrator.

WILLIAM B. BROWN, J.   The main issue raised by the instant cause is whether a complaint filed by a plaintiff before the deadline provided for by the statute of limitations but after the death of the only designated defendant meets the requirements of the statute of limitations.

It is established law in Ohio that the statute of limitations is not tolled by the death of a defendant if the

cause of action has accrued prior to that death. *Wrinkle* v. *Trabert* (1963), 174 Ohio St. 233, 236; *Granger's Admr.* v. *Granger* (1833), 6 Ohio 35; *Bartlow* v. *Kinnard* (1882), 38 Ohio St. 373. Since, in the instant cause, the only complaint filed before the deadline imposed by the statute of limitations named as defendant an individual who had died after the cause of action had accrued, the statute of limitations was not tolled by the defendant's death, and appellee will be barred from seeking relief unless that complaint served to commence plaintiffs' action.

It is accepted law that an action may only be brought against a party who actually or legally exists and has the capacity to be sued. (See *Cobble* v. *Farmers' Bank* [1900], 63 Ohio St. 528, supporting this general principle.) Because a party must actually or legally exist "one deceased cannot be a party to an action" (*Brickley* v. *Neuling* [1950], 256 Wisc. 334, 336, 41 N. W. 2d 284, 285), and a suit brought against a dead person is a nullity (*Brickley, supra; Chandler* v. *Dunlop* [1942], 311 Mass. 1, 5, 39 N. E. 2d 969, 973; *Thompson* v. *Peck* [1935], 320 Pa. 27, 30, 181 A. 597, 598; Annotation, 8 A. L. R. 2d 6, 118). Since the only complaint filed by plaintiffs within two years after the accident designated as a sole defendant one who was dead when the complaint was filed, plaintiffs did not commence their action within the period provided for in the statute of limitations.

The Court of Appeals ruled and appellee contends, however, that plaintiffs may substitute the administrator of Helen Schultz's estate for Helen Schultz, pursuant to Civ. R. 15, because the amended complaint (filed and served within the one-year, post-filing, service period granted by Civ. R. 3[A]) "related back" to the original, timely complaint. We disagree.

Although Civ. R. 15(C) provides for the relation back of amendments to an original complaint,[3] the rule cannot

---

[3]Civ. R. 15(C) provides, in pertinent part:

"Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment re-

be applied in the instant cause because there was no complaint against an existing party for the amended complaint to relate back to. The general rule is that "where an action is brought against a defendant who is dead * * * the complaint may not be amended, after the period of the statute of limitations has expired, so as to bring in a defendant having the capacity to be sued." Annotation, 8 A. L. R. 2d 6, *supra,* at page 118. The reason for such a rule is self-evident. There can be no amendment "when there is nothing to amend." *Thompson* v. *Peck, supra,* at page 598.

Moreover, for this court to go against the general rule and apply Civ. R. 15 in the instant cause would be to extend the period for filing a complaint and, consequently, to extend the statute of limitations by one year, in cases where the plaintiffs have attempted timely filing but have failed either to discover that the original defendant has died or to insure themselves against such a discovery by filing their complaint sufficiently in advance of the statutory deadline.

Neither legislative intent nor public policy supports such an extension of the statute of limitations. R. C. 2305.-10 and the other statutes of limitation mandate that complaints be filed within specific periods of time.⁴ That mandatory language (see *Dennison* v. *Dennison* [1956], 165 Ohio St. 146, 149) and those specific time limits reflect the clearly expressed intent of the General Assembly that the time for filing a complaint not be arbitrarily extended. In addition, public policy does not support an expansion of

---

lates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him."

⁴See R. C. Chapter 2305.

the statute of limitations. Such an extension under the facts of the instant cause certainly would not insure "the right to be free of stale claims" (*Order of Railroad Telegraphers* v. *Railway Express Agency* [1944], 321 U. S. 342, 349). Moreover, it would provide less protection from litigation for *substituted* defendants than it would for those defendants whose actions may have engendered the subsequent litigation.[5]

Appellee contends further that, since plaintiffs *served* a living defendant within one year of the time that they timely filed against a deceased one, plaintiffs commenced an action within the terms of Civ. R. 3(A), and, therefore, their cause of action was saved. We disagree with this argument as well.

Civ. R. 3(A) provides that "[a] civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing."

Civ. R. 3(A) imposes two requirements. The first is that the action be brought by filing a complaint within the applicable statute of limitations. The second is that service be obtained within one year after the complaint has been filed. The fact that Civ. R. 3(A) does not grant an option to commence an action either by filing within the statute of limitations or by filing and serving within the post-filing service period is clear from the language of the rule, which provides for commencement of an action "by filing * * * *if* service is obtained." (Emphasis added.) See, also, staff note to Civ. R. 3(A).

We hold, therefore, that a complaint in negligence which designates as a sole defendant one who died after the cause of action accrued but before the complaint was filed has neither met the requirements of the applicable statute of limitations, nor commenced an action pursuant to Civ. R. 3(A) and such complaint may not be amended to substitute an administrator of the deceased defendant's estate for the original defendant after the limitations per-

---

[5]See Developments in the Law—Statutes of Limitations, 63 Harv. L. Rev. (1950), 1177, 1185.

64

iod has expired, even though service on the administrator is obtained within the one-year, post-filing period provided for in Civ. R. 3(A). The judgment of the Court of Appeals is reversed.

*Judgment reversed.*

O'NEILL, C. J., HERBERT, CELEBREZZE, P. BROWN, SWEENEY and LOCHER, JJ., concur.