OPINION
{¶ 1} Plaintiffs-appellants, James E. Lanham, and his four children, appeal from a decision of the Clermont County Court of Common Pleas denying their motion to amend complaint and rendering judgment in favor of defendants-appellees, Franklin Township, its trustees, and an employee.
 {¶ 2} In July 1981, Gaylord and Helen Lanham purchased burial lot No. 234 in the Sewanie Cemetery. The burial lot was a "full lot," meaning it was capable of holding eight graves. Gaylord and Helen Lanham subsequently passed away, and both were interred in Lot No. 234. All rights in the burial lot passed to their son, James E. Lanham. In 1993, Lanham's wife passed away, and she was buried in Lot No. 234. Lot No. 234 is bordered on one side by Lot No. 238. One-quarter of Lot No. 238 was owned by Alma Bailey. In November 2000, Bailey passed away, and was ostensibly buried in her portion of Lot No. 238.
 {¶ 3} In February 2001, Lanham, while visiting his wife's grave, discovered that someone had moved the corner markers of his family's burial lot, thereby altering its boundaries. Lanham determined from his own observations and measurements that Bailey's vault is on the Lanham family burial lot by at least 28 inches.
 {¶ 4} In April 2001, Lanham and his four children, Sheila Dufau, Denise R. Iker, Christopher S. Lanham and James H. Lanham (hereinafter, referred to collectively as "appellants"), brought suit against Franklin Township and its Trustees Farmer Barger, Marcus Taulbee and Rick Jennings, and Sewanie Cemetery Sexton, Charles McIntyre (hereinafter, referred to collectively as "appellees"), regarding Bailey's alleged interment in appellants' family burial lot. Appellants brought a claim pursuant to Section 1983, Title 42 of the U.S. Code, arguing that appellees conspired to deprive them of their rights and privileges secured by theFourteenth Amendment to the United States Constitution. Appellants also brought claims for intentional infliction of emotional distress, obstruction of justice, civil conspiracy, trespass, nonfeasance, negligence, criminal behavior for violating R.C. 2909.05(C), and a taxpayer derivative action. Appellees answered appellants' complaint by alleging that, among other things, they were entitled to the defense of sovereign immunity, pursuant to R.C. Chapter 2744.
 {¶ 5} In January 2002, appellees moved for summary judgment with respect to appellants' claims. Appellees argued, among other things, that Alma Bailey was not buried on appellants' burial lot, and that, in any event, there was sufficient room for another grave between that of Lanham's wife and Alma Bailey's. After appellants responded to appellees' summary judgment motions, the trial court, on June 11, 2002, granted summary judgment to appellees.
 {¶ 6} On July 9, 2002, appellants moved for leave to amend their complaint to state a cause of action for breach of contract. The trial court denied the motion. Appellants subsequently appealed from the trial court's decision granting summary judgment in appellees' favor. On May 5, 2003, this court issued a decision affirming in part the trial court's decision in favor of appellees, and reversing and remanding in part with regard to appellants' ninth claim which purported to assert a taxpayer derivative action. See Lanham v. Franklin Township,
Clermont App. Nos. CA2002-07-052 and CA2002-08-068, 2003-Ohio-2222. This court found that appellees had not addressed the merits of the taxpayer derivative claim in their motions for summary judgment, thus precluding summary judgment in their favor.
 {¶ 7} On May 14, 2003, appellants filed a second motion to amend complaint, again seeking to add an additional claim for breach of contract. On May 19, 2003, appellants filed a motion for summary judgment. On June 2, 2003, appellees filed a motion for judgment on the pleadings. After a hearing at which the various motions were argued, the trial court denied appellants' motion to amend complaint, finding that appellants were, in part, barred by collateral estoppel, and that justice would not be served by permitting appellants to amend their complaint "after an unsuccessful appeal, minus new evidence, in order to resurrect the same issues in the form of a new cause of action." The trial court further found that appellees were entitled to judgment on the pleadings with regard to appellants' taxpayer derivative action. The trial court consequently overruled appellants' motion for summary judgment. From these decisions, appellants appeal, raising two assignments of error.
 {¶ 8} Assignment of Error No. 1:
 {¶ 9} "The trial court erred to the prejudice of plaintiff-appellants by refusing to permit an amendment to the complaint."
 {¶ 10} Civ.R. 15(A) provides that a party may amend its pleading by leave of court and that such leave "shall be freely granted when justice so requires." The decision to grant or deny a motion for leave to amend a pleading is within the discretion of the trial court. Turner v. Cent. Local School Dist.,85 Ohio St.3d 95, 99, 1999-Ohio-207, citing Wilmington Steel Products,Inc. v. Cleveland Elec. Illum. Co. (1991), 60 Ohio St.3d 120,121-122. While the Civil Rules allow for liberal amendment, motions to amend pleadings pursuant to Civ.R. 15(A) should be denied if there is "a showing of bad faith, undue delay, or undue prejudice to the opposing party." Turner, citing Hoover v.Sumlin (1984), 12 Ohio St.3d 1, at paragraph two of the syllabus.
 {¶ 11} We first note that appellants initially attempted to amend their complaint to contain this additional breach of contract claim after the trial court had rendered summary judgment in appellees' favor. The motion was overruled by the trial court and appellants did not raise an assignment of error with regard to this ruling in their prior appeal.
 {¶ 12} Appellants filed their second motion to amend complaint, again alleging a breach of contract claim, two years after the litigation in this matter had commenced. At the time appellants filed the motion to amend, eight of their nine claims had already been resolved in appellees' favor and affirmed on appeal. Appellants allege no new facts to support their claim, thus demonstrating no reason that this additional claim could not have been made upon the commencement of the litigation, or soon thereafter. The existence of the breach of contract claim was, or should have been, well-known to them.
 {¶ 13} We consequently find that the trial court did not abuse its discretion in denying appellants' untimely motion to amend. Accord Turner. The assignment of error is overruled.
 {¶ 14} Assignment of Error No. 2:
 {¶ 15} "The trial court erred to the prejudice of the plaintiff-appellants by granting the defendant-appellees' motion for judgment on the pleadings."
 {¶ 16} When reviewing a trial court's decision granting a motion for judgment on the pleadings pursuant to Civ.R. 12(C), an appellate court conducts a de novo review of all legal issues without deference to the determination of the common pleas court.Fontbank, Inc. v. CompuServe, Inc. (2000), 138 Ohio App.3d 801,807, citing Flanagan v. Williams (1993), 87 Ohio App.3d 768,772. Since Civ.R. 12(C) motions are specifically for resolving questions of law, dismissal is appropriate where a court (1) construes the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party as true, and (2) finds beyond doubt that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief. State ex rel. Midwest PrideIV, Inc. v. Pontious, 75 Ohio St.3d 565, 570, 1996-Ohio-459. Thus, Civ.R. 12(C) requires a determination that no material factual issues exist and that the movant is entitled to judgment as a matter of law. Id.
 {¶ 17} In their second assignment of error, appellants allege that they "have clearly set forth a taxpayer derivative action which cannot be dismissed pursuant to Civ.R. 12, without some evidence from the appellees that it has no basis in fact." Appellants thus conclude that the trial court erred by granting judgment in favor of appellees with respect to this claim. Appellees counter that appellants lack standing to bring a taxpayer derivative action and have failed to state a claim upon which relief may be granted.
 {¶ 18} Absent specific statutory authority, a taxpayer may bring suit to prevent a public officer's attempt to make an illegal expenditure, which the taxpayer, "in common with other property holders of the taxing district, may otherwise be compelled to pay.'" State ex rel. Masterson v. Ohio State RacingComm. (1954), 162 Ohio St. 366, 369, quoting 39 Ohio Jurisprudence 2, Section 2. In order to maintain a common law taxpayer's derivative suit, either to enjoin illegal conduct or compel legal conduct, two prerequisites must be established: First, "the funds involved must have been derived from some type of taxation." Tiemann v. Univ. of Cincinnati (1998),127 Ohio App.3d 312, 321, quoting State ex rel. Snyder v. StateControlling Bd. (1983), 11 Ohio App.3d 270, 272. Second, "if such funds are found to be tax funds, the relator must have a special interest therein." Id. A plaintiff who has not shown any "special interest" in the taxpayer funds challenged, and has failed to show any damage different from that which would be sustained by the public in general, lacks standing to bring a taxpayer derivative suit. Tiemann at 312.
 {¶ 19} Appellants' ninth claim states:
 {¶ 20} "Plaintiffs * * * are taxpaying residents of Franklin Township and bring this action as such in order to insure compliance with the law and to protect their interests as well as those of other citizens who may find themselves similarly situated."
 {¶ 21} This claim does not allege statutory authority to bring suit, nor does it allege circumstances which would permit appellants to bring a taxpayer derivative suit under common law. The claim does not allege an illegal expenditure from a public fund, nor does it allege that appellants possess a special interest in any fund derived from tax revenue in general. Simply, appellants' claim fails to allege any illegal expenditure, debt, or contract, a necessary element to sustain a taxpayer derivative action. Their ninth claim relates only to their private interest in the Lanham family burial plot and does not provide a basis for a taxpayer derivative action. Consequently, appellees are entitled to judgment upon the pleadings. The assignment of error is overruled.
 {¶ 22} The judgment is affirmed.
Judgment affirmed.
Young, P.J., and Valen, J., concur.