DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Pike County Common Pleas Court judgment that dismissed claims brought by Fonda K. Marcinko and Glenn P. Marcinko, plaintiffs below and appellants herein, against Jennings P. Carson, defendant below and appellee herein. The following errors are assigned for review:
 {¶ 2} FIRST ASSIGNMENT OF ERROR.
 {¶ 3} "The trial court erred in granting the motion of defendant jennings p. carson to dismiss plaintiff's complaint and in entering judgment for defendant."
 {¶ 4} SECOND ASSIGNMENT OF ERROR.
 {¶ 5} The trial court erred in holding that the plaintiff failed to file her complaint within the applicable two year statute of limitations as set forth in Ohio Revised Code §2305.10 on the basis that the defendant died one week before the complaint was filed, when the complaint was filed three weeks prior to the expiration of the two year statute of limitations, but the defendant's representatives failed to file a suggestion of death until after the expiration of the statute of limitations."
 {¶ 6} THIRD ASSIGNMENT OF ERROR.
 {¶ 7} "The trial court erred in failing to consider rule 25(a) of the ohio civil rules of procedure, which permits the substitution of parties when there is death of a party, by motion made within ninety days of when the death is suggested upon the record."
 {¶ 8} FOURTH ASSIGNMENT OF ERROR.
 {¶ 9} "The trial court erred in failing to consider rule 15(c) of the ohio rules of civil procedure, which establishes that an amendment to a pleading will relate back to the date of the original pleading, if the claim asserted in the amended pleading arose out of the occurrence set forth in the original pleading."
 {¶ 10} FIFTH ASSIGNMENT OF ERROR.
 {¶ 11} "The trial court erred in failing to consider rule 3(a) of the ohio rules of civil procedure, which grants plaintiff one year after filing a complaint to obtain service upon a defendant, and in failing to allow plaintiff to amend her complaint and amend her instructions for service so as to obtain service upon defendant within that one year time period."
 {¶ 12} On October 29, 2001, the parties were involved in an automobile accident. Appellants commenced the action on October 6, 2003 and alleged that appellee negligently caused the accident and inflicted pain, suffering and loss of consortium. Appellants each asked for compensatory damages in excess of $25,000.
 {¶ 13} From the outset, this action was plagued by many procedural problems. First, rather than serve the complaint by certified mail, appellants instructed that it be served on appellee by "regular mail."[1] Second, one week before the complaint was filed, appellee died. Appellants were apparently unaware of that fact and named appellee as a party defendant to the suit.
 {¶ 14} Though deceased, on November 3, 2003 appellee entered an appearance and moved that the case be dismissed on grounds that (1) he no longer had the capacity to be sued, (2) appellants had not commenced the case within the R.C. 2305.10 two year statute of limitations and (3) appellants failed to obtain service thereby depriving the trial court of personal jurisdiction.[2] Conversely, appellants argued that they had commenced the action within the statutory time period, that an administrator of the decedent's estate could be substituted in the decedent's place and that they had one year to properly obtain service on a new defendant. On December 2, 2003, the trial court granted appellee's motion. This appeal followed.
 I {¶ 15} Before we address the merits of the assignments of error, we pause to address a threshold jurisdictional issue raised by appellee in his brief. The trial court's judgment that dismissed this case was entered on December 2, 2003. App.R. 4(A) provides that a notice of appeal must be filed within thirty days of the entry of judgment. This time requirement is mandatory and jurisdictional. See State, ex rel. Boardwalk Shopping Center,Inc. v. Court of Appeals for Cuyahoga Cty. (1990),56 Ohio St.3d 33, 36, 564 N.E.2d 86; Kaplysh v. Takieddine (1988),35 Ohio St.3d 170, 519 N.E.2d 382, at paragraph one of the syllabus;Moldovan v. Cuyahoga Cty. Welfare Dept. (1986),25 Ohio St.3d 293, 294-295, 496 N.E.2d 466.
 {¶ 16} Appellants filed their notice of appeal on January 2, 2004, thirty-one (31) days after entry of judgment. Appellee argues this filing occurred outside the App.R. 4 jurisdictional time limit and we cannot review the appeal. We disagree. The flaw in appellee's argument is that the thirtieth (30th) day after entry of judgment fell on January 1, 2004 — New Years Day, when government offices are closed. Obviously, a notice of appeal could not be filed on that date. App.R. 14(A) provides that in those instances the last day for filing a notice of appeal is the end of the next day that is not a Saturday, Sunday or legal holiday. In this case, January 2, 2004. Appellants filed their notice of appeal on January 2, 2004. Accordingly, they are within rule and we have jurisdiction to review this case.
 II {¶ 17} In their first assignment of error, appellants argue that the trial court erred by dismissing their complaint. We agree.
 {¶ 18} Although the trial court did not explain its reason for dismissing the instant action, we note appellee advanced several justifications in his motion to dismiss. We find no merit in those arguments and order that the instant action be reinstated.[3]
 {¶ 19} To begin, we find no merit in appellee's contention that the instant case was not commenced within the two year statute of limitations of R.C. 2305.10.[4] The complaint alleges the accident occurred on October 29, 2001. Appellants filed their complaint on October 6, 2003. This is within the two year statute of limitations time frame.
 {¶ 20} We are also unpersuaded by the contention that this case was not initiated within the statutory time frame because appellee died before the action was commenced and, thus, the action could not be maintained against someone who doesn't legally exist. We note that the Ohio Supreme Court held in Bakerv. McKnight (1983), 4 Ohio St.3d 125, 447 N.E.2d 104, at the syllabus:
 {¶ 21} "Where the requirements of Civ.R. 15(C) for relation back are met, an otherwise timely complaint in negligence which designates as a sole defendant one who dies after the cause of action accrued but before the complaint was filed has met the requirements of the applicable statute of limitations and commenced an action pursuant to Civ.R. 3(A), and such complaint may be amended to substitute an administrator of the deceased defendant's estate for the original defendant after the limitations period has expired, when service on the administrator is obtained within the one-year, post-filing period provided for in Civ.R. 3(A)."
 {¶ 22} In other words, as long as a complaint is timely filed and the "relation back" requirements of Civ.R. 15(C) are met, the action will be deemed to have satisfied the statute of limitations and the parties will be permitted to substitute the decedent's estate administrator. We have already determined that the complaint was timely filed. Thus, we turn to the issue of whether the "relation back" provisions were met. Civ.R. 15(C) provides, inter alia, as follows:
 {¶ 23} "Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him."
 {¶ 24} This rule sets out three requirements for "relation back" of amendments when there is a change in parties: (1) the amendment must not add a new claim not included in the original complaint; (2) the new party must receive notice of the complaint within the statute of limitation period such that it would not be prejudiced in presenting its case; (3) the new party must have reason to believe that, but for the mistake, the notice was intended for it. Fink, Greenbaum Wilson, Guide to the Ohio Rules of Civil Procedure (2001) 15-8 to 15-9, § 15-5.
 {¶ 25} The first and third requirement are easily satisfied in this case. Appellants brought a negligence claim against appellee and there is no indication that they intended to change that claim. Rather, an executor/administrator must be substituted in appellee's place. There is also no question that appellee's estate knew that the complaint alleged a cause of action against it. Indeed, some representative of the deceased retained an attorney who filed a motion to dismiss the case. The decedent's family was aware that this action was pending.
 {¶ 26} The only question is whether appellants met the second requirement — i.e. that the new party (administrator of the estate) received notice within the limitation period such that it would not be prejudiced. In Cecil v. Cottril (1993),67 Ohio St.3d 367, 370, 618 N.E.2d 133, the Ohio Supreme Court held that the limitation period referenced in Civ.R. 15(C) also includes the one (1) year period for effectuating service of process in Civ.R. 3(A). Applying that holding to the facts in this case, appellants had one (1) year from the time they filed their complaint on October 6, 2003 to provide the estate actual notice of the proceeding. In light of the fact that the deceased filed a motion to dismiss on November 3, 2003, we conclude that the estate had actual notice of the proceeding.[5] For these reasons, we find that under Baker the present case was commenced within the statute of limitations and that appellants should be permitted to amend their complaint.
 {¶ 27} Appellee counters that appellants did not amend their complaint pursuant to Civ.R. 15. Thus, he concludes, they have not met the requirements of Baker, supra. We are not persuaded. A close reading of the Baker syllabus reveals that amendment is not a prerequisite to application of that case — only that the complaint was otherwise timely filed and that the "relation back" requirements of Civ.R. 15(C) apply. Moreover, the syllabus expressly reads that the "complaint may be amended to substitute an administrator of the deceased defendant's estate." (Emphasis added.) In short, the Ohio Supreme Court anticipates prospective action insofar as filing an amendment is concerned.[6] Also we note that the appellant in Baker
did not file an amendment and the Ohio Supreme Court did not find that to be an impediment to its ruling. For these reasons, we conclude the complaint was filed with the proper limitations period.
 {¶ 28} Appellee also argued in his motion that the action should be dismissed because he is deceased and a case cannot be brought against a party who does not actually or legally exist and no longer has the capacity to be sued. In support of that argument, he cited Cobble v. Farmers' Bank (1900),63 Ohio St. 528, 59 N.E. 221. We find no merit in this argument.
 {¶ 29} The Cobble case was cited by the Supreme Court inBarnhart v. Schultz (1978), 53 Ohio St.2d 59, 372 N.E.2d 589, for the very same reason which appellee relied on it here.Barnhart involved a complaint filed against a deceased tortfeasor. Relying in part on Cobble, the Ohio Supreme Court held that "a complaint in negligence which designates as a sole defendant one who died after the cause of action accrued but before the complaint was filed has neither met the requirements of the applicable statute of limitations, nor commenced an action pursuant to Civ.R. 3(A) and such complaint may not be amended tosubstitute an administrator of the deceased defendant's estatefor the original defendant after the limitations period has expired . . ." (Emphasis added) Id. at 63-64. Barnhart was expressly overruled, however, in Baker and we are not persuaded that Cobble is still good law in these instances, particularly because its holding contradicts the principles in the Baker
syllabus.
 {¶ 30} The final justification in appellee's motion to dismiss the complaint was that service of process, erroneously performed by ordinary mail rather than certified mail, was not effectuated. Thus, appellee reasons, the trial court did not obtain personal jurisdiction over him. We are not persuaded this is sufficient reason to dismiss the complaint. Civ.R. 3(A) afford parties one year after the commencement of a civil action to obtain service. Appellants were still within that period when the trial court dismissed their complaint. Thus, appellant had time to properly obtain service on the estate's representative so as to vest the trial court with personal jurisdiction. We believe that dismissing the complaint for this reason was premature.
 {¶ 31} Having found no discernible justification for dismissal of this action, appellants' first assignment of error is well taken and is hereby sustained.[7] Thus, the trial court's judgment is hereby reversed and this case is remanded for further proceedings. To the extent they have not been dealt with in this opinion, the four remaining assignments of error are rendered moot and will be disregarded pursuant to App.R. 12(A)(1)(c).
Judgment reversed and Case remanded for further proceedings consistent with this opinion.
 JUDGMENT ENTRY
It is ordered that the judgment be reversed and the case be remanded for further proceedings. Appellants shall recover of appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Pike County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, P.J. Harsha, J.: Concur in Judgment Opinion.
[1] Counsel for appellants later explained that this was done "inadvertently."
[2] We acknowledge the absurdity of referring to a decedent as the "appellee." Nevertheless, because all court filings to date have been in the name of the decedent, rather than his estate or next-of-kin, we will maintain that fiction for purposes of our analysis.
[3] We note that the motion to dismiss relied on various grounds set out in Civ.R. 12. Appellate courts apply a de novo standard of review to decisions based on Civ.R. 12. Thus, we afford no deference to the trial court in this case. See generally Evans Property Inc. v. Altier, Geauga App. No. 2003-G-2494, 2004-Ohio-2305, ¶ 11 (dealing Civ.R. 12(B)(6));Thomas v. Thomas, Franklin App. No. 03AP-1106, 2004-Ohio-2136, ¶ 3 (dealing with Civ.R. 12(B)(1)); Lanham v. FranklinTownship, Clermont App. No. CA2003-07-057, 2004-Ohio-2071, ¶ 16 (dealing Civ.R. 12(C)).
[4] R.C. 2305.10 states that "[a]n action for bodily injury or injuring personal property shall be brought within two years after the cause thereof arose."
[5] We also find no discernible prejudice to the estate if appellants were allowed to amend their claim. Appellee died approximately one week before this proceeding was initiated and there is no indication in the record that the estate was administered and closed by the time notice of the pending action was received.
[6] We also point out that post-dismissal, appellants filed a multi-pronged motion asking for, inter alia, leave to amend their complaint and substitute the administrator of the estate in place of appellee. On January 23, 2004, the trial court filed an entry holding in abeyance any ruling on that motion until this appeal is concluded.
[7] While we ground our decision in the language of R.C.2305.10 and Baker, we additionally note that our decision here is consistent with the public policy of this state that cases be decided on their merits rather than on the basis of pleading or other technicalities. See State ex rel. Montgomery v. R DChem. Co. (1995), 72 Ohio St.3d 202, 204, 648 N.E.2d 821;Perotti v. Ferguson (1983), 7 Ohio St.3d 1, 3, 454 N.E.2d 951;Peterson v. Teodosio (1973), 34 Ohio St.2d 161, 175,297 N.E.2d 113.