OPINION
{¶ 1} Plaintiff-Appellant Patricia Simms, the Personal Representative of the Estate of Agnes Plumley, deceased, appeals a judgment of the Court of Common Pleas of Stark County, Ohio, which granted a partial summary judgment in favor of defendants the Alliance Community Hospital and various John Does. Appellant assigns a single error to the trial court:
 {¶ 2} "THE TRIAL COURT ERRED WHEN IT HELD THAT THE STATUTE OF LIMITATIONS FOR A MEDICAL MALPRACTICE CASE ALWAYS BEGINS TO EXPIRE WHEN THE PATIENT DIES."
 {¶ 3} The record indicates decedent Agnes Plumley was admitted to the general medical floor of the Alliance Community Hospital on February 21, 2005. On February 23, 2005, staff found her lying on the floor. She had apparently attempted to get out of bed without assistance, and had fallen, fracturing her left hip. On February 25, 2005, decedent underwent surgery for her broken hip. After the operation, she suffered a number of complications, and on March 13, 2005, decedent died at Alliance Community Hospital.
 {¶ 4} On February 22, 2006, counsel filed Stark County Common Pleas number 2006CV00748, captioned: Agnes Plumley v. Alliance Community Hospital. The complaint alleged a medical malpractice claim, alleging when Plumley was a patient at Alliance Community Hospital she received sub-standard care that caused her to suffer a fractured hip. *Page 3 
 {¶ 5} Alliance Community Hospital moved to dismiss the case, because there was no affidavit of merit attached to the complaint as required by Civ. R. 10 (D). The court dismissed the case without prejudice on April 13, 2006.
 {¶ 6} On March 13, 2007, appellant filed the instant case, alleging claims for survivorship and for wrongful death. Alliance Community Hospital moved to dismiss and for partial summary judgment. The court overruled the motion to dismiss, but granted partial summary judgment, finding the survivorship claim is barred by the statute of limitations. The court found the wrongful death claim was brought within the applicable statute of limitations.
 {¶ 7} Civ. R. 56 (C) states in pertinent part:
 {¶ 8} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages." *Page 4 
 {¶ 9} A trial court should not enter a summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the undisputed facts,Houndshell v. American States Insurance Company (1981),67 Ohio St. 2d 427. The court may not resolve ambiguities in the evidence presented,Inland Refuse Transfer Company v. Browning-Ferris Industries of Ohio,Inc. (1984), 15 Ohio St. 3d 321. A fact is material if it affects the outcome of the case under the applicable substantive law, Russell v.Interim Personnel, Inc. (1999), 135 Ohio App. 3d 301.
 {¶ 10} The party moving for summary judgment bears the initial burden of informing the trial court of the basis of the motion and identifying the portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the non-moving party's claim,Drescher v. Burt (1996), 75 Ohio St. 3d 280. Once the moving party meets its initial burden, the burden shifts to the non-moving party to set forth specific facts demonstrating a genuine issue of material fact does exist, Id. The non-moving party may not rest upon the allegations and denials in the pleadings, but instead must submit some evidentiary material showing a genuine dispute over material facts, Henkle v.Henkle (1991), 75 Ohio App. 3d 732.
 {¶ 11} When reviewing a trial court's decision to grant summary judgment, an appellate court applies the same standard used by the trial court, Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St. 3d 35. This means we review the matter de novo, Doe v. Shaffer, 90 Ohio St.3d 388,2000-Ohio-186.
 {¶ 12} The original medical malpractice action filed under decedent's name was filed after her death. Counsel represents he was originally retained by decedent, and at *Page 5 
the time he filed the original complaint on February 22, 2006, he was unaware his client had died. The trial court dismissed the case before counsel learned his client had died. Counsel alleges he promptly opened an estate on her behalf, and re-filed the case as soon as the estate was opened and a personal representative had been appointed.
 {¶ 13} Appellant acknowledges the statute of limitations for a medical malpractice survivorship claim is one year. Appellant argues the original complaint was filed well within a year of decedent's death, and had the court not dismissed it, appellant could have filed a suggestion of death and substituted decedent's personal representative as party plaintiff. Appellant raises the issue of whether the trial court properly dismissed the first case without prejudice, for failure to comply with Civ. R. 10. Appellant did not appeal the original judgment, and we find we have no jurisdiction to review the court's ruling regarding the first case, particularly in light of our findings infra.
 {¶ 14} Appellant also urges the savings statute, R.C. 2305.19, permits him to re-file decedent's claims. The statute provides in pertinent part:
 {¶ 15} "In any action that is commenced or attempted to be commenced, if in due time a judgment for the plaintiff is reversed or if the plaintiff fails otherwise and upon the merits, the plaintiff or, if the plaintiff dies and the cause of action survives, the plaintiff's representative may commence a new action within one year after the date of the reversal of the judgment or plaintiff's failure otherwise than upon the merits or within the period of original applicable statute of limitations, whichever occurs later."
 {¶ 16} The trial court cited Children's Hospital v. Ohio Department ofPublic Welfare (1982), 69 Ohio St. 2d 523, as authority for the proposition the savings statute does not apply if the parties and relief sought in the new action are different from those *Page 6 
in the original action. The trial court also cited Brown v. LincolnNational Life Insurance, 10th District No. 02AP-225, 2003-Ohio-2577, which explained a new action is substantially the same when the new complaint is not different from the old, or to the extent that it adds new theories of recovery, is based upon the same facts stated in the original complaint. Brown held when a re-filed complaint does add additional theories of recovery, these theories must be based upon allegations set forth in the original complaint in order to give the defendant or defendants fair notice of the claim.
 {¶ 17} The trial court found the original complaint and the second complaint vary significantly. The record does not contain the original complaint and we must presume the court's ruling is accurate, seeKnapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197, 400 N.E.2d 384
("an appellant bears the burden of showing error by reference to matters in the record".) Presumably, if counsel was unaware of decedent's death the original complaint contains no factual allegations to give appellees notice of a potential wrongful death and survivorship claim.
 {¶ 18} Appellees cites us to Levering v. Riverside MethodistHospital (1981), 2 Ohio App. 3d 157. In Levering, the Franklin County Court of Appeals reviewed a situation similar to the case at bar. The court held: "A complaint for personal injury requires a plaintiff and a defendant. When the attorney files a complaint unaware that his client has died, the complaint is a nullity since there was no party plaintiff. The complaint may not be amended to substitute the estate of the deceased as plaintiff to correct the deficiency." Syllabus by the court.
 {¶ 19} The court of appeals found the complaint was a nullity because a complaint for personal injury requires a plaintiff and a defendant. The court found *Page 7 
because there was no party plaintiff at the time the complaint was filed, there was no one to substitute for, and Civ. R. 25 (A) did not permit substitution of the estate for the deceased party.
 {¶ 20} However, Levering cited Barnhart v. Schultz (1978),53 Ohio St. 2d 59, 372 N.E. 2d 589, where plaintiffs filed a complaint against defendant who was deceased at the time the complaint was filed.Barnhart held a complaint which designates as a sole defendant someone who has died after the cause of action accrued, but before the complaint was filed, has not commenced an action pursuant to Civ. R. 3. The court also found Civ. R. 15 (C), providing for relation back to amendments to an original complaint, was not applicable because the complaint was not filed against an existing party and therefore there was nothing to amend.
 {¶ 21} Subsequently, the Supreme Court overruled Barnhart, and found a timely filed complaint which designates a sole defendant who died after the cause of an action accrued, but before the complaint was filed has effectively commenced an action for purposes of Civ. R. 3. The Supreme Court held the plaintiff can amend the complaint to substitute the administrator of the deceased defendant's estate after the limitations period has expired if service on the administrator is obtained within rule.
 {¶ 22} Nevertheless, we agree with Levering if a plaintiff is deceased at the time the complaint is filed, it is a nullity. Barnhart andBaker are clearly distinguishable as applying to defendants who, unbeknownst to the plaintiff, are not alive when the plaintiff files the complaint. *Page 8 
 {¶ 23} We find the savings statute does not apply because the original complaint stated a claim for medical malpractice while the complaint in the case at bar is for survivorship and wrongful death.
 {¶ 24} However, the trial court found "for purposes of determining the accrual date of the statute of limitations for medical malpractice survivorship claim, the death of the patient is the date upon which the cause of action begins to accrue, because a reasonable person is put on notice then that an injury has occurred," opinion at 3, citations deleted.
 {¶ 25} We do not agree with the trial court's pronouncement that the statute of limitations for survivorship must always begin to run upon the patient's death.
 {¶ 26} The Ohio Supreme Court has adopted a "discovery rule" in determining when the statute of limitations begins to run on a medical malpractice action. See, e.g., Hershberger v. Akron City Hospital
(1987), 34 Ohio St. 3d 1, 516 N.E. 2d 204. In Hershberger, the Supreme Court set forth a three-prong test to determine the accrual date of a medical-malpractice action under the discovery rule: 1. when the injured party became aware, or should have become aware, of the extent and seriousness of the condition; 2. whether the injured party was aware, or should have been aware, the condition was related to a specific professional service previously received; and 3. whether such condition would put a reasonable person on notice of the need to inquire into the cause of the condition, Id. at 5-6.
 {¶ 27} The Supreme Court later clarified the accrual date under the discovery rule, stating the "extent and seriousness of the condition" requires the occurrence of a "cognizable event" which leads or should lead the patient to believe the condition or *Page 9 
injury is related to a medical procedure, treatment, or diagnosis previously rendered to the patient and where the cognizable event puts or should put the patient on notice of his claim, Allenius v.Thomas (1989), 42 Ohio St.3d 131, 133.
 {¶ 28} The rationale for the discovery rule is simply the statute of limitations should not expire on a party's claim before he knows he has one. The discovery rule does not apply in all medical malpractice cases, as when a patient's injury is immediately known following the medical procedure, see Richards v. St. Thomas Hospital (1986),24 Ohio St. 3d 27, 492 N.E. 2d 821.
 {¶ 29} In Burden v. Lucchese, 173 Ohio App. 3d. 210, 2007-Ohio-4497,877 N.E. 2d 1026, the Court of Appeals for Allen County declined to adopt a rule establishing death as the per se cognizable event in a medical malpractice survivorship action, citing the Supreme Court's discovery rule in medical malpractice cases. The Third District Court of Appeals stated: "Although death may well be the cognizable event in many survivorship actions, in some cases a party may not be reasonably aware that the decedent's death may have been the result of wrongful conduct until the occurrence of some event after the decedent's death, particularly where death is a common risk of the medical procedure undertaken by the decedent." Burden at paragraph 20.
 {¶ 30} Interestingly, the Burden court did not apply the discovery rule in that case, because on the very date decedent died, a doctor informed decedent's family if the treating physician had performed a tracheotomy sooner, decedent would not have died. Consequently, the appellant had notice of a potential claim and the discovery rule did not apply. In Burden the cognizable event was the death of the patient. *Page 10 
 {¶ 31} Here, counsel represents the decedent retained him prior to her death to pursue a medical malpractice claim. Thus, it appears prior to her death the decedent had information she may have a malpractice claim. Thus, here the cognizable event for the survivorship action was the date decedent died.
 {¶ 32} While we disagree with the trial court the statute of limitations must necessarily begin to run on a survivorship claim on the date of death, we find here the statute of limitations in this particular case began to run on the date of decedent's death.
 {¶ 33} We find the trial court did not err in determining appellant's claim for medical malpractice survivorship was barred because appellant had failed to bring it within the applicable statute of limitations.
 {¶ 34} The assignment of error is overruled.
 {¶ 35} For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
 Gwin, P.J., Wise, J., and Edwards, J., concur. *Page 11 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed. Costs to appellant. *Page 1