[Cite as *Difiore v. Pfiester* , 2012-Ohio-2456.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| DAVID V. DIFIORE<br>ADMINISTRATOR OF THE ESTATE<br>OF CURTIS SMITH | JUDGES:<br>Hon. Patricia A. Delaney, P.J.<br>Hon. William B. Hoffman, J.<br>Hon. Julie A. Edwards, J. |
| Plaintiff-Appellant | Case No. 11-CA-44 |
| -vs- | |
| ALISON PFIESTER<br>ADMINISTRATOR OF THE ESTATE<br>OF PAUL W. MUCK, JR. | O P I N I O N |
| Defendant-Appellee | |

CHARACTER OF PROCEEDING:         Appeal from the Fairfield County Common
                                 Pleas Court, Case No. 2010 CV 562

JUDGMENT:                        Affirmed

DATE OF JUDGMENT ENTRY:          May 31, 2012

APPEARANCES:

For Plaintiff-Appellant                 For Defendant-Appellee

JOHN J. REAGAN                          MARK H. GAMS
Kisling, Nestico & Redick, LLC          Gallagher, Gams, Pryor,
3412 W. Market Street                   Tallan & Lettrell L.L.P.
Akron, Ohio 44333                       471 East Broad Street, 19th Floor
                                        Columbus, Ohio  43215-3872

*Hoffman, J.*

**{¶1}** Plaintiff-appellant David D. DiFiore, Administrator of the Estate of Curtis Smith, appeals the July 22, 2011 Judgment Entry entered by Fairfield County Court of Common Pleas, which sustained the motion for summary judgment filed by defendant-appellee Alison Pfiester, Administrator of the Estate of Paul W. Muck, Jr.

STATEMENT OF THE CASE AND FACTS

**{¶2}** On May 6, 2010, Appellant filed a Complaint, naming Paul W. Muck, Jr. ("Muck"); John Doe #1, Executor of the Estate of Paul W. Muck, Jr.; and State Farm Mutual Automobile Insurance Company ("State Farm") as defendants. The Complaint sought damages for personal injuries suffered by Curtis Smith ("Smith") as the result of a motor vehicle accident on May 10, 2008, in which Muck was the driver and Smith was the passenger. Muck died shortly after the accident from the injuries he sustained therein. Smith is also deceased, but his death was unrelated to the automobile accident.

**{¶3}** Appellant voluntarily dismissed all claims against State Farm pursuant to Civ. R. 41(A). On December 20, 2010, Karen Muck, Muck's widow, filed a notice and affidavit with the trial court acknowledging receipt of the Complaint, and advising the trial court as well as the other parties no estate had been opened for Muck. Appellant filed a motion for leave to file an amended complaint, which the trial court granted. On February 11, 2011, Appellant filed the first amended complaint, naming Appellant as the sole defendant.

**{¶4}** Appellee filed a motion for summary judgment on June 8, 2011. Therein, Appellee asserted Appellant's amended complaint was barred by the statute of

limitations. Appellee further maintained Appellant could not avail himself of Civ. R. 15(D) as Appellant had knowledge of the fact Muck died as a result of the May 10, 2008 accident, and prior to the expiration of the statue of limitations, but did not seek to appoint an administrator to serve as a defendant until after the expiration of the statute of limitations. In response, Appellant argued he properly amended the complaint pursuant to Civ. R. 15(C) and such amendment relates back to the date of the filing of the original Complaint which had been filed within the limitations period.

{¶5} Via Judgment Entry filed July 22, 2011, the trial court sustained Appellee's motion for summary judgment.

{¶6} It is from this judgment entry Appellant appeals, raising as error:

{¶7} "I. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF THE DEFENDANT-APPELLEE, THE ESTATE OF PAUL W. MUCK JR., IN FINDING THAT THE PLAINTIFF-APPELLANT'S AMENDED COMPLAINT WAS BARRED BY THE STATUTE OF LIMITATIONS AND DID NOT RELATE BACK TO THE FILING OF THE PLAINITFF-APPELLANT'S ORIGINAL COMPLAINT UNDER CIV.R. 15(C).

{¶8} "II. THE TRIAL COURT ERRED IN FINDING THAT THERE WAS NO MISTAKE UNDER CIV.R. 15(C) WHEN THE PLAINTIFF-APPELLANT, IN ITS ORIGINAL COMPLAINT, MISNAMED THE DEFENDANT AS PAUL W. MUCK JR. RATHER THAT THE ESTATE OF PAUL W. MUCK JR., EVEN THOUGH THE PLAINTIFF-APPELLANT LATER NAMED THE COMPLAINT TO SUBSTITUTE THE ESTATE OF PAUL W. MUCK JR. AS THE DEFENDANT, AND THE ESTATE OF PAUL

W. MUCK JR. KNEW AT ALL TIMES THAT THE ORIGINAL COMPLAINT WAS INTENDED."

{¶9} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 36, 506 N.E.2d 212. As such, this Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241.

{¶10} Civ.R. 56 provides summary judgment may be granted only after the trial court determines: 1) no genuine issues as to any material fact remain to be litigated; 2) the moving party is entitled to judgment as a matter of law; and 3) it appears from the evidence that reasonable minds can come to but one conclusion and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 364 N.E.2d 267.

{¶11} It is well established the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. *Celotex Corp. v. Catrett* (1987), 477 U.S. 317, 330, 106 S.Ct. 2548, 91 L.Ed.2d 265. The standard for granting summary judgment is delineated in *Dresher v. Burt* (1996), 75 Ohio St.3d 280 at 293, 662 N.E.2d 264: " * * * a party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden

under Civ.R. 56 simply by making a conclusory assertion the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." The record on summary judgment must be viewed in the light most favorable to the opposing party. *Williams v. First United Church of Christ* (1974), 37 Ohio St.2d 150, 309 N.E.2d 924.

I, II

**{¶12}** Appellant's assignments of error raise common and interrelated issues; therefore, we will address the arguments together.

**{¶13}** The trial court found the Ohio Supreme Court's decision in *Baker v. McKnight*, 4 Ohio St. 3d 125 (1983), controlled.  Therein, the Supreme Court held:

> Where the requirements of Civ.R. 15(C) for relation back are met, an otherwise timely complaint in negligence which designates as a sole defendant one who dies after the cause of action accrued but before the complaint was filed has met the requirements of the applicable statute of limitations and commenced an action pursuant to Civ.R. 3(A), and such complaint may be amended to substitute an administrator of the deceased defendant's estate for the original defendant after the limitations period

has expired, when service on the administrator is obtained within the one-year, post-filing period provided for in Civ.R. 3(A). (*Barnhart v. Schultz,* 53 Ohio St.2d 59, 372 N.E.2d 589 [7 O.O.3d 142], overruled.)  *Id.* at syllabus.

**{¶14}**  Civ. R. 15(C) provides:

Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

**{¶15}**  In order for an amended pleading, which changes the party against whom a claim is asserted, to relate back to the date of the original pleading, a party must satisfy the following three requirements:  "(1) the amendment must not add a new claim not included in the original complaint; (2) the new party must receive notice of the complaint within the statute of limitation period such that it would not be prejudiced in presenting its case; (3) the new party must have reason to believe that, but for the mistake, the notice was intended for it. Fink, Greenbaum & Wilson, Guide to the Ohio

Rules of Civil Procedure (2001) 15-8 to 15-9, § 15-5." *Marcinko v. Carson*, 4[th] Dist. No. 04CA723, 2004-Ohio-3850, para. 24.

{¶16} We find, as did the trial court, Appellant has satisfied the first two requirements. However, with respect to the third condition, we find Appellant did not make "a mistake concerning the identity of the proper party." Unlike the plaintiff in *Baker*, supra,[1] Appellant was aware Muck was deceased at the time of the filing of the original Complaint. We find Appellant's designation of Muck, the individual, as a defendant was not a mistake as contemplated by Civ. R. 15(C) and Appellant had ample time under the facts of this case to seek administration of Muck's estate pursuant to R.C. 2113.06. Accordingly, we conclude Appellant did not meet the requirements of Civ.R.15(C) in order for the Amended Complaint to relate back as to Appellee.

{¶17} Appellant's first and second assignments of error are overruled.

{¶18} The judgment of the Fairfield County Court of Common Pleas is affirmed.

By: Hoffman, J.

Delaney, P.J. and

Edwards, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Patricia A. Delaney_____
HON. PATRICIA A. DELANEY


s/ Julie A. Edwards_____
HON. JULIE A. EDWARDS

---

[1] The *Baker* court specifically noted the plaintiff and her counsel were unaware the defendant tortfeasor had died prior to the expiration of the statute of limitations. *Baker*, supra, at p.125.

IN THE COURT OF APPEALS FOR FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


DAVID V. DIFIORE                               :
ADMINISTRATOR OF THE ESTATE                    :
OF CURTIS SMITH                                :
                                               :
     Plaintiff-Appellant                       :
                                               :
-vs-                                           :                    JUDGMENT ENTRY
                                               :
ALISON PFIESTER                                :
ADMINISTRATOR OF THE ESTATE                    :
OF PAUL W. MUCK, JR.                           :
                                               :
     Defendant-Appellee                        :                    Case No. 11-CA-44


     For the reason stated in our accompanying Opinion, the judgment of the Fairfield

County Court of Common Pleas is affirmed.  Costs to Appellant.



                               s/ William B. Hoffman
                               HON. WILLIAM B. HOFFMAN


                               s/ Patricia A. Delaney
                               HON. PATRICIA A. DELANEY


                               s/ Julie A. Edwards
                               HON. JULIE A. EDWARDS