[Cite as *McAbee v. Merryman*, 2013-Ohio-5291.]

STATE OF OHIO, JEFFERSON COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT


| | | |
|---|---|---|
| DENA McABEE, et al., | ) | CASE NO. 13 JE 3 |
| | ) | |
| PLAINTIFFS-APPELLANTS, | ) | |
| | ) | |
| VS. | ) | O P I N I O N |
| | ) | |
| PAUL MERRYMAN, | ) | |
| | ) | |
| DEFENDANT-APPELLEE. | ) | |


CHARACTER OF PROCEEDINGS:     Civil Appeal from Common Pleas Court,
Case No. 11CV107.


JUDGMENT:                                      Affirmed.


APPEARANCES:
For Plaintiffs-Appellants:               Attorney Jeffrey Orr Brown
                                                     2017 Sunset Boulevard
                                                     Steubenville, Ohio  43952


For Defendant-Appellee:               Attorney Donald Wiley
                                                     400 South Main Street
                                                     North Canton, Ohio  44720


JUDGES:
Hon. Joseph J. Vukovich
Hon. Gene Donofrio
Hon. Cheryl L. Waite


                                                     Dated:  November 27, 2013

VUKOVICH, J.

{¶1} Plaintiffs-appellants Dena and Donald McAbee appeal the decision of the Jefferson County Common Pleas Court granting summary judgment for defendant-appellee Paul Merryman and dismissing their complaint for failure to comply with Civ.R. 3(A).

{¶2} Two assignments of error are raised in this appeal. The first contends that the trial court erred when it granted summary judgment for Merryman. The second contends that the trial court lacked jurisdiction to rule on its Civ.R. 60(B)(1) motion to vacate the grant of summary judgment because the instant appeal had already been filed and thus, divested the trial court of jurisdiction.

{¶3} For the reasons expressed below, the trial court properly dismissed the complaint because the McAbees failed to obtain service within one year of filing the complaint. Therefore, that judgment is affirmed. As to the trial court's ruling on the Civ.R. 60(B)(1) motion, that assignment is dismissed because our jurisdiction was not properly invoked. The McAbees failed to file a notice of appeal or amend the notice of appeal to include the trial court's ruling on the Civ.R. 60(B) motion in this appeal.

## Statement of the Case

{¶4} On February 19, 2009, Dena McAbee and Paul Merryman, driving separate automobiles, were involved in an automobile accident. Dena McAbee allegedly sustained injuries from the accident. On February 17, 2011, the McAbees filed a personal injury complaint naming Merryman as the sole defendant and alleging that he was negligent and was the cause of the accident.

{¶5} On February 22, 2011, the Jefferson County Clerk of Courts sent a notice to the McAbees' attorney that service was not completed.

{¶6} No more action was taken by any party until March 14, 2012 when Attorney Wiley filed a notice of appearance on behalf of Merryman. One week following the notice of appearance, an answer was filed on Merryman's behalf. One of the defenses asserted in the answer was that the action was not properly commenced under Civ.R. 3. 03/21/12 Answer.

{¶7} Discovery then occurred. On October 25, 2012, Attorney Wiley filed a Suggestion of Death indicating that Merryman was dead. Less than a week later, a motion for summary judgment was filed by Attorney Wiley seeking dismissal of the complaint because the McAbees failed to comply with Civ.R. 3(A), in that service was not perfected on a named defendant within one year of filing the complaint.

{¶8} The McAbees then filed a motion for substitution, seeking to substitute the administrator of Merryman's estate for Merryman. The trial court permitted substitution. 11/19/12 J.E. Service was obtained on the administrator on November 27, 2012.

{¶9} In early December 2012, the McAbees filed a response to Merryman's motion for summary judgment and dismissal of the complaint. In this motion, the McAbees indicate that unbeknownst to them Merryman died on April 15, 2009. The essence of their argument as to why the complaint should not be dismissed was that equity requires that the matter should be decided on the merits.

{¶10} The trial court reviewed the matter on the briefs and found in Merryman's favor. It explained that the complaint was filed on February 17, 2011, but service was not obtained until November 26, 2012. Therefore, dismissal of the complaint was appropriate because service was not obtained within one year of the filed complaint as required by Civ.R. 3. 12/27/12 J.E.

{¶11} On January 25, 2013, the McAbees timely appealed the trial court's December 27, 2012 Judgment Entry. However, prior to that filing, the McAbees filed a Civ.R. 60(B) motion for relief from judgment. 01/11/13 Motion. On January 28, 2013, Merryman filed an opposition motion to the McAbees' motion for relief from judgment. The next day the trial court denied the motion for relief from judgment. 01/29/13 J.E. The McAbees did not file an amended notice of appeal or a second notice of appeal with this court indicating that it was also appealing the January 29, 2013 judgment.

First Assignment of Error

{¶12} "The trial court erred in granting the defendant appellee's motion for summary judgment."

{¶13} The trial court's grant of summary judgment and dismissal of the complaint based on noncompliance with Civ.R. 3 presents a question of law that we review de novo. *Furney v. Wynn*, 10th Dist. No. 11AP-110, 2011-Ohio-4000, ¶ 7.

{¶14} The McAbees assert the same arguments on appeal that they did in response to the motion for summary judgment. They argue that since Merryman had been dead for almost two years prior to Attorney Wiley's filing of the notice of appearance and motion for summary judgment, he had no authority to represent Merryman without the creation and administration of an estate. This, according to the McAbees, means that he lacked standing to invoke the subject matter jurisdiction of the court. Alternatively, they assert even if Attorney Wiley had the authority to represent the decedent, he failed to comply with Civ.R. 25(E) which requires the suggestion of death to be filed within 14 days of having actual knowledge of the death of a party. They assert that once they were informed of the death, they created an estate, had an administrator appointed, substituted the administrator for Merryman and promptly served the administrator with the complaint. Thus, they argue that equity requires that the matter should be decided on the merits.

{¶15} These arguments are not persuasive. Civ.R. 3(A) provides:

A civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant, or upon an incorrectly named defendant whose name is later corrected pursuant to Civ.R. 15(C), or upon a defendant identified by a fictitious name whose name is later corrected pursuant to Civ.R. 15(D).

Civ.R. 3(A).

{¶16} "Failure of proper service is not a minor, hypertechnical violation of the rules." *Cleveland v. Ohio Civil Rights Comm.,* 43 Ohio App.3d 153, 157, 540 N.E.2d 278 (8th Dist.1989). If service is not perfected under Civ.R. 3(A) within a year of filing the complaint, dismissal of the complaint is appropriate. *DiDomenico v. Valentino*, 7th Dist. No. 11MA175, 2012-Ohio-5992, ¶ 11-14 ("An action is commenced only when effective service of process is obtained). *Lash v. Miller,* 50 Ohio St.2d 63, 65,

362 N.E.2d 642 (1977). Absent proper service of process on a defendant, a trial court lacks jurisdiction to enter a judgment against that defendant, and if the court nevertheless renders a judgment, the judgment is a nullity and is void *ab initio. Lincoln Tavern, Inc. v. Snader,* 165 Ohio St. 61, 64, 133 N.E.2d 606 (1956); *Tuckosh v. Cummings,* 7th Dist. No. 07HA9, 2008–Ohio–5819, ¶ 17.") *Evans v. Ellis*, 10th Dist. No. 86AP-975, 1987 WL 13940 (July 9, 1987) (The service requirement in Civ.R. 3(A) is a jurisdictional requirement.)

{¶17} Here, the complaint was filed February 17, 2011. Service was not obtained until November 27, 2012, which is clearly outside the one year time limit prescribed by Civ.R. 3.

{¶18} Admittedly, Merryman was dead and, therefore, service could not be completed upon him. However, the Ohio Supreme Court has explained:

> Where the requirements of Civ.R. 15(C) for relation back are met, an otherwise timely complaint in negligence which designates as a sole defendant one who dies after the cause of action accrued but before the complaint was filed has met the requirements of the applicable statute of limitations and commenced an action pursuant to Civ.R. 3(A), and such complaint may be amended to substitute an administrator of the deceased defendant's estate for the original defendant after the limitations period has expired, when service on the administrator is obtained within the one-year, post-filing period provided for in Civ.R. 3(A). (*Barnhart v. Schultz,* 53 Ohio St.2d 59, 372 N.E.2d 589, overruled.)

*Baker v. McKnight*, 4 Ohio St. 3d 125, 447 N.E.2d 104 (1983), syllabus.

{¶19} Therefore, the amended complaint that substituted the estate for the decedent must be served on the personal representative within one year after the original complaint was filed. *Baker. See also Difiore v. Pfiester*, 5th Dist. No. 11-CA-44, 2012-Ohio-2456; *Sorrell v. Estate of Datko*, 147 Ohio App. 3d 319, 770 N.E.2d 608 (7th Dist.2001); *Weathers v. Carter*, 2d Dist. No. 18598, 2001 WL 395389 (Apr.

20, 2001); *Neville v. Restivo*, 11th Dist. No. 3283, 1984 WL 6308 (Mar. 30, 1984). It was not. Therefore, the trial court did not err in dismissing the complaint.

**{¶20}** The actions of Attorney Wiley in this instance are of no consequence to the resolution of this matter. Prior to Attorney Wiley's notice of appearance, the trial court could have correctly dismissed the complaint sua sponte for lack of perfecting service. It was not the obligation of any nonparty to notify the McAbees about Merryman's death. *Tucker v. Becknel-Baker*, 2d Dist. No. 16823, 1998 WL 201734 (Apr. 24, 1998) (It is not the responsibility of the defendant to assist the plaintiff in service of process.); *Evans*, 10th Dist. No. 86AP-975, 1987 WL 13940 (Plaintiff's duty to insure that service has been completed.) That should have been discovered by the McAbees when their complaint was unable to be served. However, no action was taken by the McAbees for over a year after they were notified that service was not completed.

**{¶21}** For the above reasons, this assignment of error lacks merit.

<u>Second Assignment of Error</u>

**{¶22}** "The trial court erred in overruling plaintiff appellants' motion for relief from judgment under Rule 60(B)(1) after the notice of appeal was filed."

**{¶23}** As aforementioned, the appeal in this case was filed January 25, 2013. The trial court denied the Civ.R. 60(B) motion to vacate on January 29, 2013. The McAbees assert that once the notice of appeal was filed the trial court was divested of jurisdiction to render a decision on the Civ.R. 60(B)(1) motion to vacate until the appeal was resolved. Therefore, based on that law they argue that we should vacate the January 29, 2013 order because the trial court lacked jurisdiction to enter it.

**{¶24}** The proposition of law set forth by the McAbees is accurate. *In re S.J.*, 106 Ohio St.3d 11, 2005-Ohio-3215, 829 N.E.2d 1207, ¶ 9 ("Once a case has been appealed, the trial court loses jurisdiction except to take action in aid of the appeal."). Despite the accuracy of their position we cannot vacate the January 29, 2013 order in this appeal because we do not have jurisdiction to review that order. The McAbees did not amend their January 25, 2013 notice of appeal to indicate that they were also appealing the January 29, 3013 judgment, nor did they file a separate

notice of appeal from that judgment. The January 29, 2013 judgment denying the motion to vacate is a final appealable order. R.C. 2505.02(B)(3). As such, in order to invoke our jurisdiction to review that order, a notice of appeal from that order must be filed or the notice of appeal had to be amended to include that order. App.R. 4(A). *See also OCWEN Loan Servicing v. Prater*, 3d Dist. No. 9-12-23, 2012-Ohio-4879, ¶ 11.

**{¶25}** Thus, for those reasons, we do not have the authority to rule on this assignment of error. Accordingly, it is dismissed.

<u>Conclusion</u>

**{¶26}** The first assignment of error is overruled and the second assignment of error is dismissed for lack of jurisdiction. The trial court's order dismissing the complaint for lack of service is hereby affirmed.


Donofrio, J., concurs.
Waite, J., concurs.