[Cite as *DiDomenico v.Valentino*, 2012-Ohio-5992.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| JOSEPH DiDOMENICO, et al. | ) | CASE NO. 11 MA 175 |
| | ) | |
| PLAINTIFFS-APPELLEES | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| JOHN VALENTINO, et al. | ) | |
| | ) | |
| DEFENDANTS-APPELLANTS | ) | |

CHARACTER OF PROCEEDINGS: Civil Appeal from the Area County Court
No. 4 of Mahoning County, Ohio
Case No. 2007 CVF 01478

JUDGMENT: Vacated.

APPEARANCES:

For Plaintiffs-Appellees: Atty. Scott R. Cochran
19 East Front Street
Youngstown, Ohio 44503

For Defendants-Appellants: Atty. James R. Wise
Betras, Kopp & Harshman, LLC
6630 Seville Drive
Canfield, Ohio 44406

JUDGES:

Hon. Cheryl L. Waite
Hon. Joseph J. Vukovich
Hon. Mary DeGenaro

Dated: December 14, 2012

[Cite as *DiDomenico v. Valentino*, 2012-Ohio-5992.]

WAITE, P.J.

{¶1} John Valentino and J&V Roofing and Home Improvements, Inc. (Appellants) are appealing the judgment of the Mahoning County Area Court No. 4. This case began as a breach of contract dispute. Appellee Joseph DiDomenico filed the complaint in 2007, but failed to perfect service of process on Appellants within one year as required by Civ.R. 3(A). The trial court initially dismissed the complaint, but reopened the case in 2009 to allow DiDomenico thirty more days to effect service. He missed this deadline, but did serve the complaint on Appellants two months later, and the matter eventually went to trial. The court granted judgment to DiDomenico, leading to this appeal. Appellants have not waived their right to challenge personal jurisdiction, and it is evident from the record that the action was never properly "commenced," as that word is defined in Civ.R. 3. Thus, any judgment issued in the action is void. Appellee did not file a brief on appeal, and as there are no arguments to the contrary, the judgment of the trial court is vacated and the complaint is hereby dismissed under Civ.R. 3(A).

### Background

{¶2} On September 25, 2007, Appellee filed a breach of contract complaint against both Appellants in Mahoning County Area Court No. 4. It was given Case No. 2007 CVF 01478 AUS. Service of the complaint was attempted on both Appellants by certified mail. The letters were returned with a note that the forwarding addresses had expired.

{¶3} On October 27, 2008, the trial court dismissed the complaint due to the plaintiff's failure to appear and prosecute the case.

{¶4} On March 19, 2009, Appellee filed a motion to vacate judgment, arguing that he and/or his counsel were confused by the fact that he had another case pending against the same defendants, and that he thought the two had been consolidated. He also argued that his secretary caused the error resulting in failure of service on the defendants, or that Appellants' counsel or the court caused this error.

{¶5} On April 27, 2009, the court issued an order continuing the case 30 days for service of process. This order had no effect since the case had already been dismissed on October 27, 2008, and service had not been effected within one year as required by Civ.R. 3(A). As an aside, Appellee did not actually attempt service within 30 days.

{¶6} On June 30, 2009, Appellee effected service of process on Appellants, and they filed an answer on July 27, 2009. Appellants raised the defenses of lack of jurisdiction and failure of service and process.

{¶7} On July 1, 2010, Appellants filed a motion to dismiss on the grounds that service had not been made within one year as required by Civ.R. 3(A), and that the plaintiff had also failed to perfect service within six months as required by Civ.R. 4(E). On October 15, 2010, a magistrate overruled the motion to dismiss. Appellants filed objections, and these were also overruled by the trial court on December 8, 2010. A bench trial to a magistrate was held on June 17, 2011, granting judgment to Appellee. Appellants filed objections, which were overruled. Final judgment in favor of Appellee was entered on August 24, 2011. This timely appeal followed. Appellee

has not filed an appellee's brief, and under App.R. 18(C), we "may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action."

<u>ASSIGNMENT OF ERROR NO.1</u>

THE TRIAL COURT ERRED IN OVERRULING DEFENDANTS/APPELLANTS' MOTION TO DISMISS FOR FAILING TO PERFECT SERVICE PURSUANT TO THE OHIO RULES OF CIVIL PROCEDURE.

**{¶8}** Appellants argue that service of process was not properly perfected in this case in conformity with the Ohio Rules of Civil Procedure, and that the trial court had no jurisdiction over them. They argue that the complaint was properly dismissed on October 27, 2008 for failure of service. Appellants are correct.

**{¶9}** R.C. 2305.17 and Civ.R. 3(A) govern the commencement of a civil action. R.C. 2305.17 states: "An action is commenced * * * by filing a petition in the office of the clerk of the proper court together with a praecipe demanding that summons issue or an affidavit for service by publication, if service is obtained within one year."

**{¶10}** Civ.R. 3(A) states: "A civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant * * *."

**{¶11}** An action is commenced only when effective service of process is obtained. *Lash v. Miller*, 50 Ohio St.2d 63, 65, 362 N.E.2d 642 (1977).

{¶12} Absent proper service of process on a defendant, a trial court lacks jurisdiction to enter a judgment against that defendant, and if the court nevertheless renders a judgment, the judgment is a nullity and is void *ab initio*. *Lincoln Tavern, Inc. v. Snader*, 165 Ohio St. 61, 64, 133 N.E.2d 606 (1956); *Tuckosh v. Cummings*, 7th Dist. No. 07HA9, 2008-Ohio-5819, ¶17. "Failure of proper service is not a minor, hypertechnical violation of the rules. Such failure is in direct contravention of the Rules of Civil Procedure." *Cleveland v. Ohio Civil Rights Comm.*, 43 Ohio App.3d 153, 157, 540 N.E.2d 278 (8th Dist.1989). A judgment rendered without proper jurisdiction over the action or the defendant is void. *Patton v. Diemer*, 35 Ohio St.3d 68, 70, 518 N.E.2d 941 (1988); *Rokakis v. Estate of Thomas*, 8th Dist. No. 89944, 2008-Ohio-5147, ¶7. If a judgment is void, the trial court has the inherent power to vacate the judgment, and a party need not seek relief under Civ.R. 60(B) in order to have the judgment vacated. *Patton*, *supra* at 70, 518 N.E.2d 941; s*ee also, Ross v. Olsavsky*, 7th Dist. No. 09 MA 95, 2010-Ohio-1310, ¶11.

{¶13} Appellee did not perfect service within one year, and the court had no jurisdiction to continue prosecuting the case unless Appellants waived service of process. It is clear from the record that Appellants did not waive proper service of process, as they raised it as an affirmative defense in their first filing with the trial court. The Ohio Supreme Court has held that when the affirmative defense of insufficiency of service of process is properly raised and preserved, a party's active participation in the litigation does not constitute a waiver of that defense. *Gliozzo v. Univ. Urologists of Cleveland, Inc.*, 114 Ohio St.3d 141, 2007-Ohio-3762, 870 N.E.2d

714, syllabus. The defense is preserved even after trial has begun, all the evidence has been presented, and the defendant then files a motion to dismiss for insufficiency of service of process. *First Bank of Marietta v. Cline*, 12 Ohio St.3d 317, 466 N.E.2d 567 (1984).

**{¶14}** The record indicates that Appellee filed a Civ.R. 60(B)(1) motion to vacate the dismissal of his complaint on grounds of excusable neglect, and the court effectively granted the motion by extending the time for service of process for 30 days. This motion was filed five months after the complaint was properly dismissed, and more than a year and half after the complaint was initially filed. By the time this motion was filed, the one year time limit in Civ.R. 3(A) had long expired. The action never "commenced," because service was not made within one year. Hence, the action was never properly before the trial court. The trial court had no jurisdiction to take any action other than to dismiss Appellee's Civ.R. 60(B) motion for an extension of time to complete service, since no complaint was actually pending before the court when the motion was filed. Every action taken by the trial court after the dismissal on October 27, 2008, was a nullity.

**{¶15}** Appellants present other arguments in support of this appeal, but it is clear from the record that the judgment against them is void and that the judgment should be vacated and the complaint dismissed. Appellant's first assignment of error is, therefore, sustained.

ASSIGNMENT OF ERROR NO.2

THE TRIAL COURT ERRED BY HOLDING DEFENDANT JOHN VALENTINO PERSONALLY RESPONSIBLE FOR THE CORPORATIONS [SIC] ALLEGED BREACH OF CONTRACT.

**{¶16}** Appellants argue that defendant John Valentino should not have been held to be personally liable on a corporate contract. This assignment of error is moot based on the resolution of assignment of error number one.

**{¶17}** In conclusion, the final judgment of the trial court issued on August 24, 2011, is vacated and the complaint dismissed on the grounds that service of process was not perfected within one year under Civ.R. 3(A).

Vukovich, J., concurs.

DeGenaro, J., concurs.